[No. 6,533.—Department No. 1.]

## LOTHIAN ET AL. *v.* WOOD ET AL.

MECHANIC'S LIEN—NOTICE—CORPORATION.—Knowledge of a fact, concerning the business or affairs of a corporation, acquired by a director or other agent—unless acquired in the management and conduct of its business—does not constitute notice to the corporation. So *held*, in an action against a corporation and its tenant to foreclose a mechanic's lien, for materials furnished in the construction of a building by the tenant on the leased premises—and alleged to have been furnished with the knowledge of the corporation—where it appeared that a director of the corporation, on one occasion, was present during the construction of the building.

ID.—BUILDING— STRUCTURE—DEFINITION.— *Held further* — the property upon which a lien was claimed being " a dancing-hall, swings, and seats "— that, at least, neither the swings nor seats were buildings or structures, (within the intent and meaning of §§ 1183 and 1192 of the Code of Civil Procedure) for which the corporation would be chargeable even with notice.

ID.—VENDOR'S LIEN—JUDGMENT BY DEFAULT.—The tenant defendant having suffered default, the Court adjudged that the plaintiff was entitled to a

vendor's lien for the materials furnished, and that he should have the right to enter upon the premises and to remove and sell the same. *Held,* that the decision and judgment were outside the issues, and against law, and judgment directed to be entered in favor of the plaintiff for a lien upon such interest as the said defendant had in the land at the date of the accruing of the lien.

APPEAL from a judgment in favor of the defendant, the Southern District Agricultural Society, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The facts are stated in the opinion.

*Barclay & Wilson,* for Appellants.

Woodworth, one of the directors of the corporation, was present, and saw the buildings, while in course of construction. A director is an agent of the corporation, (Civ. Code, § 305) and notice to an agent is notice to the principal. (Civ. Code, §§ 2330, 2332; Story on Agency, 131, 132; Dunlap's Paley's Agency, 262; Wade on the Law of Notice, 311; *Bank of U. S.* v. *Davis,* 2 Hill. 451; *Nat. Security Bank* v. *Cushman,* 121 Mass. 490; *Clerks' Savings Bank* v. *Thomas,* 2 Mo. App. 367; *Roumage* v. *Mich. Fire Ins. Co.* (1 Green) 13 N. J. L. 110; *Toll Bridge* v. *Betsworth,* 30 Conn. 380.) Having a knowledge of the construction of the buildings, the interest of the corporation is subject to the lien. (Code Civ. Proc. § 1192.) The buildings are such as to be subject to the lien. (*McCreary* v. *Osborne,* 9 Cal. 119; *Hawes* v. *Lathrop,* 38 id. 497; *Merritt* v. *Judd,* 14 id. 60; *Fuquay* v. *Stickney,* 41 id. 583; *Moore* v. *Jackson,* 49 id. 109.)

*O'Melveney & Trantum,* for Respondents.

If the structure called the "dance-hall" was of such a character as to be subject to a mechanic's lien, (which we deny) still no evidence was introduced by which the Court could distinguish the value of the material used in its construction, from the value of the material used in the construction of the *seats* and *swings;* which clearly could not be the subject of a lien. (Code Civ. Proc. § 1183.) The fact that a director saw the

work going on, was not sufficient to charge the corporation with notice. (Abbott Dig. Corp. p. 542, §§ 13–16, p. 544, § 38; 26 Conn. 374.)

McKEE, J.

Defendant Wood being a tenant of his codefendant—the Southern District Agricultural Society—and in possession of the fair grounds and park of the society, which were located on the N. W. ¼ of section 7, township 2 south, range 12 west, S. B. M., in Los Angeles County, caused to be constructed thereon a dancing-hall, swings, and seats, and the lumber and materials which he used in their construction he procured from the plaintiffs. On the 22nd of May, 1878, the lumber and materials were all furnished. Wood failed to pay for them; and on the 20th of June, 1878, plaintiffs filed a mechanic's lien on the land and improvements, or " such interest as the defendant Wood had in them on the 1st day of April, 1868." To foreclose this lien, plaintiffs brought the action in hand against Wood and the society, in which they sought to make the society chargeable with the lien, upon the ground that it knew of the construction of the "buildings," and did not give notice, according to · § 1192 of the Code of Civil Procedure, that it would not be responsible for their construction.

On the trial of the case the Court found, in substance, that the society was the owner of the land; that Wood was in possession of it as a lessee and tenant of the society; that he caused to be constructed upon the land the dance-house, swings, and seats, for his own use and convenience; that he owed the plaintiffs a balance of $384.50 for the lumber and materials which were furnished and used in their construction, and that the owner of the land had no knowledge or notice of their construction. This last finding of fact is complained of as erroneous, on the ground that it is against the uncontradicted evidence in the case.

The record discloses that there was no conflict of evidence upon the subject, and that the whole evidence amounted to this, viz.: that on one occasion one of the directors of the society was present on the land while Wood was erecting the buildings.

The precise time when the director was present does not appear. It may have been when Wood was constructing the swings or the seats, and it is doubtful whether he would be bound to take notice of anything more than what was being done while he was present. But, however that may be, there is no evidence tending to show that he was acting as the special agent of the society when he saw the construction of any or all of the improvements upon the land of the society, or that he had any management or control of its business other than as a director. Nor does it appear that he communicated any knowledge which he may have obtained from his visit to the land, to the society or any of its agents. The director was, it is true, an agent of the society. As such, the knowledge of a fact which concerns the business or affairs of the society, acquired while engaged in the discharge of official duties, or of a matter which had been specially intrusted to him, would be considered, in law, the knowledge of the society ; for a corporation can have knowledge only from its agents or records. But unless it was acquired by an agent in the management and conduct of its business, notice of it is not attributable to the corporation. If the agent acquires his knowledge casually, or privately, or by rumor, and he does not inform the corporation or its agents of it, the corporation is not chargeable with it. "I agree," says Chief Justice Nelson, in *The Bank of U. S.* v. *Davis*, 2 Hill, 451, "that notice to a director, or knowledge derived by him while not engaged officially in the business of the bank, cannot and should not operate to the prejudice of the latter. This is clear from the ground and reason upon which the doctrine of notice to the principal through the agent rests. The principal is chargeable with this knowledge for the reason that the agent is substituted in his place, and represents him in the particular transaction ; and as this relation, strictly speaking, exists only while the agent is acting in the business, thus delegated to him, it is proper to limit it to such occasions." (See, also, *Fulton Bank* v. *N. Y. & Sharon Canal Co.* 4th Paige, 127.)

So, where a defective deed had been recorded, purporting to convey certain land, and one of the directors of a corporation which had acquired an equity of redemption in the premises, not acting as agent of the corporation, and having no manage-

ment of its business otherwise than as a director, went to the town records for the purpose of ascertaining the situation of the land, and there saw the record of the deed, but did not inform the corporation or any of its agents thereof, the Supreme Court of Connecticut held that the corporation was not, by reason of these facts, chargeable with knowledge of the deed. (*Farrel Foundry Co.* v. *Dart*, 26 Conn. 376.) It follows, therefore, that the personal knowledge acquired by the director of the Agricultural Society—the defendant in this case—of the erection of the improvements by the defendant, Wood, upon the land of the society, is not the knowledge of the society. It did not, therefore, knowingly permit the improvements to be constructed upon its land, so as to make it liable for their construction under the provisions of the Mechanics' Lien law.

Besides, it is doubtful whether all of the so-called buildings, consisting, as already stated, of a dancing-hall, swings, and seats, are fixtures within the meaning of the Mechanics' Lien law, for which the society would be chargeable even with notice. The dancing-hall was a covered structure resting on sills, partly weather-boarded around the sides, and without doors or windows. Each of the swings consisted of two upright posts set in the ground, and braced, and were connected at the top by a cross-piece with rings in it. Whether the "seats" were chairs, benches, stools, or the like, does not appear from the evidence; nor does it appear how much of the lumber and materials were used in the construction of any of them, nor is it designated in the asserted lien itself how much of the amount due to the plaintiffs for lumber and materials which they furnished was chargeable against any one of the improvements, as is required by § 1188 of the Mechanics' Lien law. It was, therefore, impossible for the Court below to find the amount due to the plaintiffs on each of the improvements, so as to give a judgment of lien upon any one of them as distinct from the others.

Moreover, whatever may be said of the dancing-hall, we think that neither swings nor seats are buildings or structures, within the intent and meaning of §§ 1183 and 1192 of the Code of Civil Procedure, for which a lien may be filed, and the owner of land, who may acquiesce in their construction, be made liable. So far as the defendant, the Agricultural Society, is concerned,

there is no error in the judgment of the Court below. But it is otherwise as to defendant Wood; for he had failed to answer the plaintiffs' complaint, and his default for not answering was duly entered. The plaintiffs were, therefore, in Court with their cause of action against him uncontested and admitted. And the Court found that he was in possession of the land as lessee and tenant of the Agricultural Society; and when, in addition to this, the plaintiffs proved the quantity of the land which was required for the convenient use and occupation of the improvements which had been constructed thereon, they were entitled to a judgment of foreclosure against Wood upon the interest he had in the land.

The decision and judgment that the plaintiffs were entitled to a vendor's lien upon the improvements, were entirely outside of any issues made in the case, and were against law.

The judgment in favor of the defendant, the Agricultural Society, is affirmed, and the judgment in favor of the plaintiffs against defendant Wood is reversed, with instructions to the Court below to enter up judgment upon the finding in favor of plaintiffs for a lien upon such interest as defendant Wood may have had in the land on the 1st day of April, 1878.

McKINSTRY, J., and Ross, J., concurred.