DETERMINED IN

# THE SUPREME COURT

59 1
82 657

## JULY SESSION, 1881.

[Nos. 6,962, 6,963.—Department One.]

## GIOVANNI BARILARI *v.* GIOVANNI FERREA ET AL.

MECHANICS' LIEN—COMPLAINT—FINDING—NOTICE OF LIEN.—The averments of the complaint, and the finding as to the lien and the notice of lien in this case, held to be sufficient.

ID.—BUILDING CONTRACT—EXTRA WORK—EXTENSION OF TIME.—A contract for extra work, or for the extension of time, under a building contract, is not legally required to be in writing.

ID.—ADMISSIBILITY OF EVIDENCE—IMMATERIAL ERROR.—A witness testified, "The upstairs is done with the very poorest kind of material, very rough all the work done upstairs;" and this was stricken out, on the ground that he was not an expert; but afterwards, on cross-examination, the witness substantially repeated the testimony: *Held*, An immaterial error.

ID.—ID.—An objection was sustained to the question (addressed to the defendant), "I will ask you, if, with the money you paid, and five hundred dollars damages, whether the whole amount of the contract work and the extra work was paid?"

*Held*, That the question assumed five hundred dollars damages, a matter in dispute.

APPEALS from judgments for the plaintiff and from orders ·denying new trials, in the Third District Court, County of Alameda. McKEE, J.

VOL. LIX—1

The complaints in these two cases were filed on the same
day—No. 6962 being to foreclose a lien under a contract ex-
ecuted August 23d, 1876, and No. 6963 to foreclose a lien un-
der a contract executed September 12th, 1876. The two
cases were heard together, and their records are similar. The
statement is therefore made of one case only (No. 6962).
The complaint alleges that the defendants entered into a con-
tract in writing with the plaintiff for the contract price of
one thousand eight hundred and fifty dollars, and sets out
specifically the terms of the contract; that the contract was
completed on the 11th day of November, 1876; that the
plaintiff, at the special instance and request of the defend-
ants, did certain extra work for the sum of one hundred and
seventy-three dollars and forty-three cents, which the de-
fendant agreed to pay; that the sum of one thousand two
hundred and fifty dollars was paid, and no more, and that
there remained due a balance of seven hundred and seventy-
three dollars and forty-three cents. The allegation as to lien
was as follows:

That on the 22d day of December, 1876, he, the said plaintiff,
duly filed for record with the County Recorder of the said
County of Alameda, that being the county in which said
premises are situated, a claim of lien containing a statement
of his demand after deducting all just credits and offsets,
with the names of the said owners, the said defendants, with
a statement of the terms, time given, and conditions of his,
plaintiff's, contract, with said defendants, and, also, a descrip-
tion of the said premises, the said property to be charged
with said lien claimed by plaintiff; that said description was
sufficient for identification of said premises, said property;
and that said statement and claim were duly verified by the
oath of plaintiff; that said claim of lien and statement was
duly recorded by the said County Recorder in Liber "C" of
Mechanics' Lien, on page 281, to which lien and record par-
ticular reference is herein made; and the same is herein re-
ferred to and made a part hereof.

The finding was as follows:

4. That subsequently, to wit, on the 22d day of Decem-
ber, 1876, said plaintiff duly filed with the County Recorder
of the said County of Alameda, being the county in which

said lands and premises and said houses are situated, his claim duly verified by the oath of said plaintiff, containing a statement of his said demand after deducting all just credits and offsets, with the names of the said defendants, as the owners thereof and as the persons by whom he was employed, with a statement of the terms of the said contract, the time given and the conditions thereof, and also the description of the property described in the complaint, and being the property sought to be charged with the lien; the said claim being for the sum of seven hundred and seventy-three dollars and forty-three cents, claimed to be due plaintiff by defendants, upon said contract and for said extra work, to wit, six hundred dollars. Balance on said contract one hundred and seventy-four dollars and forty-three cents for said work done. And the said notice of lien and claim of plaintiff against said defendants and said premises was, on said 22d day of December, 1876, made and executed by plaintiff in the manner provided by law, and then and there duly filed and recorded by the County Recorder of said County of Alameda. That the expenses incurred by plaintiff in and about the making and filing said notice of lien, amounted to the sum of ten dollars.

The notice of lien contained the following statement:

That the said Giovanni Ferrea and Angelo Ferrea are the reputed owners of said premises, and caused said buildings to be constructed, altered, and repaired, and said fences to be constructed and repaired. That the said Giovanni Ferrea and Angelo Ferrea, on the 23d day of August, 1876, entered into a contract in writing, under and by which said labor was performed and materials were furnished, and the following is a statement of the terms, time given, and conditions of said contract.

*E. A. Lawrence*, for Appellants.

*W. H. & J. R. Glascock*, for Respondents.

The COURT:

1. The demurrer was properly overruled. The averments with respect to the lien are sufficient.

2. The finding as to lien is sufficient.

3. The notice of lien shows by whom plaintiff was employed. The contract for extra work and the extension of time were not legally required to be in *writing*.

4. We think the Court below should not have stricken out the testimony of Giovanni Ferrea: . ."The upstairs is done with the very poorest kind of material; very rough all the work done upstairs." But afterwards on cross-examination the same witness said: "The worst kind of stuff he used upstairs and cheap." The objection to his testimony with respect to boilers was sustained on the ground that there was nothing in the contract about boilers. No similar exception is preserved in the bill with reference to testimony of Angelo Ferrea.

5. The objection was properly sustained to the question: "I will ask you, if with the money you paid and five hundred dollars damages, whether the whole amount of the contract work, and the extra work was paid?" The question assumed five hundred dollars damages, a matter in dispute. What was paid was a matter for the jury to determine.

Judgment and order affirmed.