[S. F. No. 6943. Department Two.—December 12, 1916.]

## JOHN A. SCHALICH, Respondent, v. TERESA BELL, Appellant.

MECHANICS' LIENS — PLEADING — AVERMENT OF RELATION OF ORIGINAL CONTRACTOR.—Averments in a complaint to foreclose a mechanic's lien setting forth a contract whereby the defendant agreed to employ the plaintiff to perform work and furnish material, and that the plaintiff performed the work and furnished the material pursuant to said contract, sufficiently shows that the plaintiff was an original contractor.

ID.—REPAIR OF IMPROVEMENTS ON LAND.—An averment in such complaint that the plaintiff was to perform work and furnish materials

necessary "in and about the repair of the improvements" on certain land, should be construed as meaning an improvement for the doing of work upon which a lien is provided.

ID.—DESCRIPTION OF LAND IN CLAIM OF LIEN.—The complaint in this case sufficiently avers that the claim of lien described the lot of land upon which the improvements alleged to have been repaired were situated.

ID.—REFUSAL OF AMENDMENT TO ANSWER—DISCRETION NOT ABUSED.— It was not an abuse of discretion for the court, at the beginning of the trial, to refuse the defendant leave to amend her answer so as to deny the allegations in the complaint touching the sufficiency of the claim of lien as filed.

ID.—EXCLUSION FROM EVIDENCE OF CLAIM OF LIEN.—Where no issue was raised over the validity or sufficiency of the lien claim, the exclusion of the original claim of lien from evidence was proper.

ID.—REASONABLE VALUE OF LABOR—EVIDENCE OF UNION RATE OF WAGES. On the question of the reasonable value of the labor performed, evidence is admissible of the union rate of wages for the kind of labor in question.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. John E. Richards, Judge presiding.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

Daniel A. Ryan, for Respondent.

HENSHAW, J.—Plaintiff sued on a mechanic's lien to recover for labor and materials furnished. He alleged a balance to be due him under his contract of $481.87. Defendant interposed a general demurrer to the complaint, which was overruled. Thereafter answering, she denied that plaintiff had ever furnished labor or material of other or greater value than three hundred dollars, which three hundred dollars, less twenty dollars paid on account thereof, she tendered. The findings of the court and its conclusions of law favored plaintiff. The judgment followed, and from that judgment and from the order denying her motion for a new trial defendant appeals.

Touching the general demurrer it is insisted that plaintiff was not an original contractor, and did not file his lien within

the time limited for a subcontractor. But the complaint averred that defendant entered into a contract with plaintiff whereby she agreed to employ him to perform work and furnish material. And it further avers that he did perform the work and furnish the material "pursuant to said contract." This was sufficient.

It is next contended that the complaint was radically defective, because it averred that he was to perform labor and furnish the material necessary "in and about the repair of the improvements on said lot of land." The mechanic's lien law, it is said, permits such a lien only for labor done upon "any building or other structure." (Code Civ. Proc., sec. 1185.) Moreover, that while the improvements may take the form of buildings or other structures, there may be improvements not contemplated within the provisions of this lien law—flowerbeds, grass plots, etc. (*Lothian* v. *Wood*, 55 Cal. 159, 163.) Nevertheless, with the liberality with which the courts are told to construe pleadings under our system (Code Civ. Proc., sec. 452), it is not unduly extending the meaning of the code section to hold that the pleader meant an improvement for the doing of work upon which a lien is provided. The mechanic's lien law itself not infrequently uses the word "improvement." (Code Civ. Proc., secs. 1187, 1192.) It is urged that the complaint is insufficient in failing to allege that the claim of lien described the lot of land upon which the improvements alleged to have been repaired were situated. The complaint adequately described the land. It next averred that the plaintiff had filed his claim of lien against "said land," meaning necessarily thereby the land described in the complaint. It is next alleged that the lien contained a description of the property to be charged with the lien. Reading these averments together, while the form of the pleading is susceptible of improvement, it sufficiently appears that the claim of lien was filed upon and against the land described in the complaint. It is further urged that several material facts appear in the complaint only by recital or inference, but admission that they do so appear is a concession that the complaint is sufficient to sustain an attack under a general demurrer.

At the beginning of the trial the defendant asked leave to file an amendment to her answer, stating in support thereof that she had thought that the claim of lien was in accordance

with the allegations of the complaint, but upon examination she found that such was not the case, and she therefore asked leave to amend by denying the allegations in the complaint touching the sufficiency of the lien claim as filed. The court refused leave, the ground of opposition being that the lien was a matter of record, open to the inspection of defendant, and the objection to it, if objection existed, was one that could and should have been known to the defendant. Such amendments are permitted, within the discretion of the court, and its action in refusing to allow the amendment will not be reversed unless a plain abuse of this discretion appear. (*County of Siskiyou* v. *Gamlich,* 110 Cal. 94, [42 Pac. 468]; *In re Redfield's Estate,* 116 Cal. 637, [48 Pac. 794].) No such abuse of discretion is here shown.

Defendant sought to introduce in evidence the original claim of lien. Upon objection of plaintiff it was excluded. There being no issue over the validity and sufficiency of the lien claim, the ruling was proper.

Questions were asked touching the union rates of wages for journeymen plumbers. Over objections the court permitted answers. It is insisted that this was error, in that it was not contended that the contract of employment was based upon the union wage scale. The controversy, however, was over the reasonable value of the labor furnished, and the scale of union wages, taken with the other evidence in the case, had a pertinent bearing upon this question. Appellant complains that the court refused to allow one of its experts, shown to be a master plumber, to answer the question, "What, in your opinion, would be the value of setting up and making proper connections, the articles being furnished by the owner, to wit, one bath-tub and two closets, in the house at the corner of Octavia and Bush Streets?" It may be that the court was over-technical in sustaining the objection to this question. Nevertheless, in so doing it committed no prejudicial error, since it pointed out that it would entertain all questions touching the value of the particular service which plaintiff rendered. It was merely a suggestion, therefore, to defendant that her questions be made more specific and more directly applicable to the reasonable value of the particular services here rendered. Defendant objected to the introduction in evidence of plaintiff's contemporaneous book of accounts.

The objection was overruled. The account-book was properly admitted.

The judgment and order appealed from are therefore affirmed.

MELVIN, J., and LORIGAN, J., concurred.

Hearing in Bank denied.