[Civ. No. 1746.   Third Appellate District.—August 1, 1918.]

F. E. McCREARY, Respondent, v. TORONTO MIDWAY OIL COMPANY, LIMITED, et al., Defendants; PIONEER MIDWAY OIL COMPANY et al., Appellants.

MECHANICS' LIENS—MINING CLAIM—LABOR—OIL WELLS.—The second subdivision of section 1183 of the Code of Civil Procedure gives persons who perform labor in any mining claim a lien for the value of the labor done, and provides that the superintendent shall be considered the agent of the owner; and this is the only statute on the subject applicable to an oil well.

ID.—CLAIM OF SUPERINTENDENT FOR SALARY.—The superintendent of an oil mining company is not entitled to a lien for his claim for unpaid salary, since such claim does not come within the purview of section 1187 of the Code of Civil Procedure, providing for the filing of claims.

ID.—FORM OF CLAIM — ACTION TO ENFORCE LIEN — PLEADING — PLAINTIFF'S RIGHTS LIMITED BY CLAIM FILED.—In an action to enforce a lien under the mechanic's lien law, the plaintiff's case can be no stronger than that set forth in his claim of lien.

ID.—MANUAL LABOR NOT INDICATED.—Where it appears from the claim for unpaid salary of the superintendent of an oil company that his duties were to supervise and direct the oil drilling operations for the purpose of developing and improving the premises, and there is nothing indicating that he performed manual labor, the claim of lien is fatally defective.

38 Cal. App.—2

Id.—Claim Prematurely Filed.—Under section 1187 of the Code of Civil Procedure, which provides that every person save the original contractor shall file his claim within thirty days after he has ceased to labor, the last day on which a labor claimant performed labor must have passed before he can file his claim, and therefore where, in a claim filed on August 22d at 12:15 P. M., the claimant stated that he was still employed, and in an amended complaint in an action to enforce the lien it was alleged that the plaintiff was employed between April 1, 1912, and August 23, 1912, and that his services were concluded on or about August 22d, his employment had not ceased before his notice of lien was filed, and the claim of lien having been prematurely filed, it conferred no right of action.

APPEAL from a judgment of the Superior Court of Kern County.  Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

Edmund Tauzsky, Geo. E. Whitaker, and T. N. Harvey, for Appellants.

S. Wyman Smith, for Respondent.

BURNETT, J.—The action was to foreclose a mechanic's lien, and the appeal is from the judgment in favor of plaintiff and from an order denying a motion for a new trial.  Respondent has made no appearance in this court and it is fair to assume that he has abandoned the case.  His attorney in the court below died after the appeal was taken, and respondent failed to secure other counsel to represent him.  The points made here for a reversal seem to have been urged at the trial and on the motion for a new trial, and we regret that we have not been furnished with the views of respondent and of the trial judge on the questions herein presented.  However, we have given the record careful examination, and we are satisfied that respondent's claim for lien cannot be maintained.

The second subdivision of section 1183 of the Code of Civil Procedure, as amended in 1911, [Stats. 1911, p. 1313], gives persons who perform labor in any mining claim a lien for the value of the labor done, and it provides that the superintendent shall be considered the agent of the owner for the purposes of the Mechanic's Lien Act.

This is the only statute on the subject applicable to an oil well. (*Berentz* v. *Belmont Oil Min. Co.*, 148 Cal. 577, [113 Am. St. Rep. 308, 84 Pac. 47].) Plaintiff in his claim of lien stated "that since May 1, 1911, the claimant has been employed continuously by the Toronto Midway Oil Company, Limited, and is still so employed, and no part of claimant's salary has been paid since March, 1912, and that the claimant at all times since the first day of April, 1912, up to date has been employed continuously by the Toronto Midway Oil Company, Limited, as superintendent of the oil operations of the Toronto Midway Oil Company, Limited."

It is to be observed that nothing therein indicates that he performed manual labor. It appears that the duties of superintendent were to supervise and direct the oil drilling operations for the purpose of developing and improving the premises. It is true that in his deposition plaintiff testified as follows: "My duties were looking after the things and handling the properties and in case of fishing jobs or anything like that helping the men at the well. All the men—four men steady and sometimes more—were under me; I hired them and laid them off, seen to and O. K.'d all orders and bills for work and material used in and about the premises. After the well was cemented, I pumped one tower for twelve hours, testing the well to see what it would do. I did this for several days. I had general control of all the property about the lease." The foregoing language may indicate that he did some actual labor on the mine, but even that was incidental to his main duty, which was of supervision and direction. But we may concede that there is sufficient evidence to show that he did manual labor, and in that respect that there is support for the allegation of the amended complaint, "that as such superintendent he did supervise and direct the oil drilling operations of said company, and in connection with such supervision and direction he performed manual labor." Yet, as far as the lien is concerned, his case can be no stronger than is set forth in his claim of lien, and in that, as we have seen, there is no statement as to manual labor. Section 1187 of the Code of Civil Procedure provides that the claimant must file a claim of lien "containing a statement of his demand after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, also the name of the person by whom he was

employed, or to whom he furnished the materials, with a statement of the price, if any, agreed upon for the same and when payable, and of the work agreed to be done and when the same was to be done, if agreed upon, and also a description of the property to be charged with the lien, sufficient for identification.''

While all the provisions of the lien law are to be liberally construed with a view of protecting and promoting the legitimate interest of the laborer, or materialman, there must, of course, be a substantial compliance with the requirements of the law in order to enforce the remedy against the property. Assuredly, a total omission of the essential element of a lien, the performance of manual labor, leaves the claim too fragile to support any such judgment as was awarded herein. The claim of superintendent, as such, is not subject to lien, since it does not come within the purview of section 1183. (*Durkheimer* v. *Copperopolis Copper Co.*, 55 Or. 37, [104 Pac. 895].) We conclude, therefore, for the reason stated, that the claim of lien was fatally defective.

We think, also, that the claim of lien was prematurely filed. This was filed at 12:15 P. M. of August 22, 1912, but the claimant declared therein that he was still employed as superintendent, and in his amended complaint he alleged that he was so employed between April 1, 1912, and August 23, 1912, and that his services were concluded on or about August 22d. His employment had not ceased, therefore, before his notice of lien was filed. But the statute, section 1187 of the Code of Civil Procedure, provides that every person save the original contractor shall file his claim of lien within thirty days after he has ceased to labor. This necessarily means that the last day on which he labored must have passed before he can file his claim. His employment having terminated on August 22d, the first day on which he could file his claim was the 23d.

When a claim of lien is prematurely filed, it confers no right for a lien. (*Davis* v. *McDonough*, 109 Cal. 547, [42 Pac. 450] ; *Santa Monica Lumber & Mill Co.* v. *Hege*, 119 Cal. 376, [51 Pac. 555] ; *Marchant* v. *Hayes*, 120 Cal. 137, [52 Pac. 154] ; *Baker* v. *Lake Land Canal & Irr. Co.*, 7 Cal. App. 482, [94 Pac. 773].)

Other considerations which seem to possess merit are called to our attention by appellants, but we think it unnecessary to notice them specifically.

The judgment and order are reversed.

Chipman, P. J., and Hart, J., concurred.