[Civ. No. 15004. Second Dist., Div. Two. July 13, 1945.]

THOMAS COKER, Petitioner, v. SUPERIOR COURT OF
SANTA BARBARA COUNTY, Respondent.

Fred A. Shaeffer for Petitioner.

Arden T. Jensen for Respondent.

WOOD (W. J.), J.—A writ of habeas corpus was issued
by order of the presiding judge of the superior court at Santa
Barbara, Honorable Ernest D. Wagner, on May 22, 1934,
whereby the petitioner herein, Thomas Coker, was ordered
to appear before said judge on May 24, 1945, with the body
of Temple Charles Farquhar, Jr., a minor child, at court room
No. 3 of the Superior Court of Santa Barbara County, located
in the city of Santa Maria. Petitioner seeks a writ of prohibi-

tion from this court to prohibit Judge Wagner from taking any further steps in connection with the writ of habeas corpus, claiming that the court is without jurisdiction to pass upon the matter involved at any place other than the city of Santa Barbara, the county seat of Santa Barbara. He relies upon section 1504 of the Penal Code, which provides that writs of habeas corpus must be heard and determined at the county seat.

Section 1504 of the Penal Code has been in force since 1872. Since that time many changes in population have taken place and the Legislature in amending section 73 of the Code of Civil Procedure has authorized the judges to order sessions of the superior court in cities located at a distance from the county seat. Pursuant to section 73 of the Code of Civil Procedure the judges of the Superior Court of Santa Barbara County adopted rule XI of the rules of said court, providing that "this court shall order a session at the City of Santa Maria, California, not to exceed two weeks in each month hereafter." Rule I of the said court provides: "The westerly courtroom in the courthouse in the City of Santa Barbara, California, shall hereafter be known as Superior Court Room Number One. The easterly courtroom in said courthouse shall hereafter be known as Superior Court Room Number Two, and the Court-room in the City of Santa Maria, State of California, shall hereafter be known as Superior Court Room Number Three." Rule XII provides for the transfer of actions and proceedings to be heard in courtroom No. 3 at the city of Santa Maria, and gives discretion to the judge in the matter of making transfers to Santa Maria.

Whether respondent may hear and determine a writ of habeas corpus while sitting at Santa Maria is to be resolved according to familiar rules of statutory construction. ■ If sections 73 and 142, Code of Civil Procedure, had been enacted as an amendment to section 1504, Penal Code, it would have been a fair interpretation to hold that such amendment was intended to release the court from the limitation theretofore existing requiring such writs to be heard at the county seat. (*Lundquist* v. *Lundstrom*, 94 Cal.App. 109 [270 P. 696].) Usually, by an amendment, an intent to change the law is inferred. (*People* v. *Weitzel*, 201 Cal. 116 [255 P. 792, 52 A.L.R. 811].) ■ However, because the provisions in the code sections 73 and 142, regulatory of the places at which sessions of the superior court may be held, were incorporated

long after the enactment of section 1504, and made a part of the Code of Civil Procedure, does not signify that the court might hold sessions and transact all business at cities other than the county seat except the hearing of writs of habeas corpus. To deny it the power to determine such writs at another city would lead to an absurd construction. ▮ Since the two statutes (Pen. Code, § 1504, and Code Civ. Proc., § 73) are not antagonistic they should be so reconciled as to give effect to both, but if one must yield the statute last enacted should control, "particularly if it be a special act applicable to a particular subject . . . on the theory that it is the latest utterance of the legislature." (*Pierce* v. *Riley,* 21 Cal.App.2d 513, 519 [70 P.2d 206].) Nothing appears in the language of the Code of Civil Procedure signifying a purpose to narrow the avenues of the court's activities in dealing with any matter at Santa Maria of which the court has jurisdiction.

The alternative writ of prohibition is discharged.

Moore, P. J., concurred.

McCOMB, J.—I concur in the order solely on the ground that a writ of prohibition will not issue to arrest proceedings of a tribunal exercising judicial functions within its jurisdiction.

In the instant case the Superior Court of Santa Barbara County had jurisdiction of writs of habeas corpus. Any error which it may have made was not in excess of its jurisdiction but while exercising its jurisdiction. (See *Fels* v. *Justice's Court,* 28 Cal.App.2d 739, at 740 et seq. [83 P.2d 721].)

Petitioner's application for a hearing by the Supreme Court was denied August 30, 1945.