[S. F. No. 18632. In Bank. July 9, 1954.]

ERNEST L. CLEMENTS et al., Appellants, v. T. R. BECHTEL COMPANY (a Corporation) et al., Respondents.

Price, MacDonald & Knox and Orlando J. Bowman for Appellants.

Royal E. Handlos for Respondents.

CARTER, J.—Plaintiffs appeal from a judgment entered upon an order sustaining defendants' demurrer.

Plaintiffs' action was brought to foreclose a mechanic's lien against defendants and others who own, or claim an interest, in the described property on which plaintiffs performed work and labor and furnished materials for the paving and construction of certain roads and streets. Plaintiffs' work was completed on February 9, 1951. The pleadings show that an ordinance of Contra Costa County provided that all such work and materials furnished were subject to inspection and approval by the county surveyor of that county and that the work was never approved or accepted by the county surveyor. Plaintiffs filed their notice of lien in the county recorder's office allegedly in the manner and form required by law on August 9, 1951, prior to the commencement of this action.

All parties agree that section 1187 of the Code of Civil Procedure (as it read at that time) and which provides the time within which such liens shall be filed, is applicable to

the case at bar. That section provides, in part, that ". . . all persons claiming the benefit of this chapter, shall have 90 days after the completion of said work of improvement within which to file their claims or lien." The parties are in disagreement as to the date on which this 90-day period commences to run. Plaintiffs claim that it begins to run on the date of acceptance of the work by the county surveyor; defendants claim that it begins to run on the date of the completion of construction—February 9, 1951. Section 1191, subdivision (a), of the Code of Civil Procedure, as it then read, and which relates to road work, provides ". . . provided, that in cases where the improvement made or work done is subject to acceptance by *any municipal board or officer*, the time for filing claims of lien shall not commence to run until after such acceptance shall have been made." (Emphasis added.) If defendants' position is the correct one, then plaintiffs' claim was not filed within the time limited and defendants' demurrer was properly sustained on that ground. If plaintiffs are correct, then the claim was filed in time.

Plaintiffs argue that the legislative history of the section (Code Civ. Proc., § 1191, subd. (a)), requires that the phrase "municipal board or officer" be interpreted to include a *county* officer, and that the word "municipal" means public or governmental and not city or town.

## Legislative History

Until 1913, section 1191 provided that "Any person who, at the request of the owner of any lot in any incorporated city or town, grades, fills in or otherwise improves the same, or the street or sidewalk in front of or adjoining the same, or constructs any area, vault, cellar, or room, under said sidewalk, or makes any improvements in connection therewith, has a lien upon such lot for his work done and materials furnished, notice of which containing the statement provided for in section 1187 must be filed, as therein specified, within thirty days after the completion of such work." (Stats. 1901, p. 190.)

In 1913, this section was amended as follows: "Any person who, at the request of the owner of any lot *or tract of land* in any incorporated city or town, grades, fills in, or otherwise improves the same, or the street, highway, or sidewalk in front of or adjoining the same, . . . has a lien upon such *said* lot or tract of land for his work done and materials furnished; *provided, that in cases where the improvements made or work done is subject to acceptance by any municipal board or officer,*

*the time for filing claims of lien shall not commence to run until after such acceptance shall have been made."* (Stats. 1913, p. 333, c. 189.)

The above emphasized portions of the statute were added by the 1913 amendment after a decision by this court (*Durrell v. Dooner,* 119 Cal. 411 [51 P. 628]) holding that section 1191 did not apply in the county of Los Angeles outside the city limits because of the phrase "in any incorporated city or town." The 1913 amendment also deleted the provision that the property improved must be within an incorporated city or town.

In 1951, sections 1187 and 1191 of the Code of Civil Procedure were repealed by the Legislature and section 1193.1 reenacted section 1191. In the same year, section 1193.1 was repealed and reenacted as 1193.1(3) which provides that if such work is subject to acceptance by *any public or governmental authority,* the completion of the work shall be deemed to be the date of such acceptance.

Plaintiffs argue, with merit, that the section was amended in 1913, after a decision of this court which refused to uphold a lien on county roads outside incorporated limits of the city of Los Angeles while the section provided for liens upon work done "in any incorporated city or town" by deleting those words. Plaintiffs contend that the section was amended to enlarge its coverage to roads outside incorporated cities and towns and that the additional provision extending the time for filing until after acceptance of the work by a municipal officer or board, where such acceptance was required, could not mean other than an inclusion of *county* officers, or boards, within the term. Plaintiffs argue, also, that the word "municipal" is a general word which should be given a general construction. These arguments appear to be meritorious.

■ It has been held that where an amendment to a statute consists of a deletion of an express provision, the presumption is that a substantial change in the law was intended (*Southern Pac. Co.* v. *McColgan,* 68 Cal.App.2d 48, 54, 55 [156 P.2d 81]; *Coker* v. *Superior Court,* 70 Cal.App.2d 199, 200 [160 P.2d 885]; *People* v. *Weitzel,* 201 Cal. 116 [255 P. 792, 52 A.L.R. 811]; *Loew's Inc.* v. *Bryam,* 11 Cal.2d 746, 750 [82 P.2d 1]).

■ In addition, it has been held (*Jensen* v. *Hugh Evans & Co.,* 13 Cal.2d 401, 404 [90 P.2d 72]) that pertinent decisions may properly be considered as bearing upon the legislative intent and purpose in the adoption of an amendment.

■ The elimination of a statutory clause after the rendition

of a decision affecting the law (as is true of the statute here under consideration) is to be regarded as an indication of legislative intent to change the meaning of the law or to obviate objections to it. (*Oakland Paving Co.* v. *Whitell Realty Co.,* 185 Cal. 113, 120 [195 P. 1058]; *Whitley* v. *Superior Court,* 18 Cal.2d 75, 78 [113 P.2d 449].; *Estate of Todd,* 17 Cal.2d 270 [109 P.2d 913]; *Lundquist* v. *Lundstrum,* 94 Cal.App. 109 [270 P. 696].)

▮ The 1913 amendment simultaneously added the provision ". . . that in cases where the improvements made or work done is subject to acceptance by any *municipal board or officer,* the time for filing claims of lien shall not commence to run until after such acceptance shall have been made." (Emphasis added.) The deletion of the words "incorporated city or town" has the effect of extending the coverage of the section to include road work done outside an incorporated city or town. If, as defendants argue, the words "municipal board or officer" are held to include only incorporated city or town officers, then the latter provision would not affect work done which requires approval by a county officer as in the case at bar. We do not believe that such a construction was the one intended by the Legislature nor do we feel that it is a reasonable one. Had the Legislature intended to so limit the proviso, it could more easily have done so by providing that where work was done which required approval by a *city or town* board or officer (rather than a municipal board or officer), the time limited should commence to run upon such approval. ▮ As we said in *People* v. *Weitzel,* 201 Cal. 116, 118 [255 P. 792, 52 A.L.R. 811], "In *United States* v. *Bashaw,* 50 F. 749, 754, it was said: 'The very fact that the prior act is amended demonstrates the intent to change the pre-existing law, and the presumption must be that it was intended to change the statute *in all the particulars touching which we find a material change in the language of the act.'*" (Emphasis added.) (See also *Union League Club* v. *Johnson,* 18 Cal.2d 275, 278 [115 P.2d 425]; *People* v. *Santa Fe Federal S. & L. Assn.,* 28 Cal.2d 675, 685 [171 P.2d 713]; *Whitley* v. *Superior Court, supra,* 18 Cal.2d 75; *Young* v. *Three for One Oil Royalties,* 1 Cal.2d 639 [36 P.2d 1065]; *People* v. *Valentine,* 28 Cal.2d 121, 142 [169 P.2d 1].) ▮ In addition, a statute should be read as a whole to determine the legislative intent (*People* v. *Trieber,* 28 Cal.2d 657, 663 [171 P.2d 1]; *People* v. *Moroney,* 24 Cal.2d 638, 642 [150 P.2d 888]; 23 Cal.Jur. 760). ▮ Where a statute is susceptible of two

constructions, the one which leads to the more reasonable result will be followed (*Metropolitan Water Dist.* v. *Adams,* 32 Cal.2d 620, 630 [197 P.2d 543]). ■ And where the language of a statutory provision is susceptible of two constructions, one of which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted (*Warner* v. *Kenny,* 27 Cal.2d 627, 629 [165 P.2d 889]; *Gage* v. *Jordan,* 23 Cal.2d 794, 799, 800 [147 P.2d 387]). ■ As we have seen, by deleting the words "incorporated city or town" and adding the proviso relative to acceptance by a municipal board or officer, the statute is susceptible of two constructions. One of these is that only where a city or town improvement is concerned, will the time limited commence to run upon the approval by a city or town officer or board, and the other that where work is done either within, or without, an incorporated city or town, upon approval by the required officer, or board, the time limited will commence to run. In our opinion, the latter construction is the reasonable one and the one which gives effect to the entire statute. ■ The presumption obtains that every word, phrase and provision employed in a statute is intended to have meaning and to perform a useful function and it is not to be supposed that the Legislature used language in a sense which would defeat the only purpose and render nugatory·an important provision of the act (23 Cal. Jur. § 157, pp. 780-789; *Rose* v. *State,* 19 Cal.2d 713 [123 P.2d 505]; *Dempsey* v. *Market St. Ry. Co.,* 23 Cal.2d 110 [142 P.2d 929]; *Weber* v. *Santa Barbara County,* 15 Cal.2d 82 [98 P.2d 492]; *Shelby* v. *Southern Pac. Co.,* 68 Cal.App. 2d 594 [157 P.2d 442]; *Thomas* v. *Driscoll,* 42 Cal.App.2d 23 [108 P.2d 43]).

Plaintiffs also argue that the second 1951 amendment to the section (now § 1193.1, subd. (e)), "If a work of improvement is of the character referred to in Section 1184.1 of this code and is subject to acceptance by *any public or governmental authority,* the completion of such work of improvement shall be deemed to be the date of such acceptance," (emphasis added) is but a confirmation of the long standing legislative intention, dating from 1913,.to include all claims of lien for road work within the scope of the provision extending the time for filing claims on work subject to acceptance by public authority, whether within or outside of the limits of incorporated towns and cities. In *Gadd* v. *McGuire,* 69 Cal.App.

234

347, 368 [231 P. 754], the court said: "Whenever it appears that the legislature so intended, the terms 'municipality' and 'municipal corporation' will be construed to include a county or other *quasi*-municipal corporation. (28 Cyc., p. 118; *Merchants Bank* v. *Escondido Irr. Dist.*, 114 Cal. 329 [77 P. 937] ; *Union Stone Co.* v. *Board of Freeholders,* 71 N.J.Eq. 657 [65 A. 466].) That the Legislature, since 1913 at least, intended that the word 'municipalities,' as used in the title to the Street Improvement Bond Act of 1893, should be employed in its larger sense, so as to include counties as well as cities and towns, is made manifest by the fact that in a new section, added to the act in 1913 (Stats. 1913, p. 351), it is expressly declared that the work provided for by the Street Improvement Bond Act may be performed in 'unincorporated territory of counties,' and that wherever the words 'municipality,' 'municipalities,' or 'city' appear in the act, 'they shall be and are hereby defined as including cities, cities and counties and counties, and are hereby expressly declared to be interchangeable with any or either of those terms.' "

In *Villanazul* v. *City of Los Angeles,* 37 Cal.2d 718 [235 P.2d 16], the question raised was whether the city, county or state was liable for the alleged negligence of one Gregg who was a deputy marshal of the Municipal Court of the City of Los Angeles. We held (p. 724) that ". . . the character of a municipal court is not affected nor is its nature determined in any way by the requirement that the city must assent to its establishment. The fundamental basis of the court, as fixed by the Constitution and statutes, indicates that essentially it is a *creature of the county.*" (Emphasis added.) In *Pacific Coast Ry. Co.* v. *Porter,* 74 Cal. 261, 262 [15 P. 774], it was held that ". . . the word 'municipal,' as used in the provision [art. 1, § 14], refers to such corporations as are for public government, and therefore includes counties." In *Becker* v. *City of Albany,* 47 Cal.App.2d 702 [118 P.2d 924], it was held that members of a board of education were municipal officers; in *Rock Creek etc. Dist.* v. *County of Calaveras,* 29 Cal.2d 7, 11 [172 P.2d 863], we said, " 'No violence is done to the rules of construction under the interpretation of the term "municipal corporations" here contended for. It is common knowledge that in popular usage the term "municipal corporation" is understood as applying to all departments of state organization exercising public functions, and the same general use of the term is common in judicial decisions and with law text-writers. . . .' " In *In re Werner,* 129 Cal.

567, 573 [62 P. 97], this court said "In a general sense, we say that all law other than international law is *municipal* law, but when we speak of *corporations* as municipal we mean cities or towns." (Emphasis added.) *People* v. *Johnson*, 30 Cal. 98, 99, holds that "municipal" means an inferior power or jurisdiction rather than state jurisdiction and the court refused to interpret "municipal fine" to mean "state fine."

In support of plaintiffs' position that the phrase "municipal officer" is broad enough to include a county officer, various constitutional provisions are cited not as being in point, but to show that the word "municipal" often includes a county. For example, article XI, section 18, is entitled *"Municipal* Debt Incurred in Any Year not to Exceed Income—Exceptions." (Emphasis added.) The section commences with this sentence: "No *county,* city, town, township, board of education, or school district, shall incur any indebtedness or liability. . . ." (Emphasis added.)

For the foregoing reasons, it appears that the words "any municipal board or officer" are sufficiently broad and were intended by the Legislature to include an officer or board of a county and that the defendants' demurrer on the ground that the time limited had run was improperly sustained.

### The Pleadings

Defendants also demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action against them and that it was uncertain in specified particulars. Defendants also moved to strike certain portions* of plaintiffs' complaint which motion was granted by the trial court.

Plaintiffs, after alleging their own licensed status, etc. alleged: "That in March, 1950, John A. Ragghianti and Rose Ragghianti were the owners of a portion of the Rancho San Miguel in Contra Costa County, California, and subdivided said portion into 220 lots as delineated and so designated on the subdivision map thereof, which said map was entitled 'Tree Haven, Contra-Costa County, California,' and which map was filed in the office of the Recorder of said Contra Costa County on March 31, 1950, in Volume 39 of Maps, at page 40; that the real property upon which a lien is claimed and which is sought to be impressed with a lien is all of the real property within the exterior boundary lines shown and designated on said map." Following this is an allegation that John A. Ragghianti and Rose Ragghianti sold

---

*The portions so stricken are those which appear between brackets.

and conveyed their interests in said property to 220 named grantees with the lot number conveyed to each grantee. In Paragraph VII it is alleged "·[t]hat on or about March 16, 1950, and as a condition to the filing for record of the aforesaid subdivision map, said JOHN A. RAGGHIANTI and ROSE RAGGHIANTI entered into an agreement with the said County of Contra Costa pursuant to which they agreed to complete or cause to be completed road and street improvements and tract drainage, as required by Ordinance No. 217, as amended by Ordinance No. 486, of the County of Contra Costa, State of California, by constructing [certain named roads and streets] under detailed specifications equal or superior to the minimum requirements of Section 9 of Ordinance No. 217, as amended by Ordinance No. 486, of said County."

In Paragraph VIII, plaintiffs alleged "[t]hat between May 25, 1950, and February 9, 1951, both dates inclusive, plaintiffs performed work and labor and furnished materials for the paving and construction of the aforesaid roads and streets, to-wit: [naming said streets] laid out and situated in said subdivision; that said work and labor was performed and materials furnished to defendants T. R. BECHTEL and T. R. BECHTEL Co., a corporation, and each of them, at their special instance and request as the contractor improving the said real property for the said JOHN A. RAGGHIANTI and ROSE RAGGHIANTI [and their successors in interest with the full knowledge and consent of said persons]; that the value of said work and labor performed and materials furnished amounts to the sum of $48,161.93, as follows:

"Grading ............................$11,988.00
"Paving (plant mix surface—278,261 square
 feet at 13¢ per square foot) ............. 36,173.93

 $48,161.93

That said sum of $48,161.93 is, and was at all times herein mentioned, the reasonable value of said work and labor performed and materials furnished as hereinabove alleged; that said work and labor was performed upon and said materials were furnished to be used in and were actually used in the construction and paving of the said streets and roads as aforesaid." Next follows an allegation that the work was completed by plaintiffs on February 9, 1951.

In Paragraph X, it is alleged that the sum of $12,073.04 had been paid on account of the indebtedness and that the sum of $36,099,89 remains owing and unpaid from defendants

Bechtel to the plaintiffs after deducting all just credits and offsets.

Paragraph XI which alleged "[t]hat Ordinance No. 486 referred to in paragraph VII hereof provides that all work and all materials furnished shall be subject to the inspection and approval of the County Surveyor of said County; that the aforesaid work and labor performed and materials furnished by plaintiffs as hereinabove alleged constitute a portion of the work required to be done by said JOHN A. RAGGHIANTI and ROSE RAGGHIANTI under and by the terms of the agreement referred to in paragraph VII hereof; that said County Surveyor has not, nor has any other County Officer, approved or accepted said works or improvements or any part thereof, notwithstanding the fact that plaintiffs have satisfactorily completed the same" was stricken on motion of defendants. In Paragraph XII it is alleged "[t]hat on August 9, 1951, [and within the time allowed by law], plaintiffs recorded a notice of lien in the office of the County Recorder of said Contra Costa County under recorder's serial No. 37876, [containing a statement of the plaintiff's demands, after deducting all just credits and offsets; the names of the owners or reputed owners of the land sought to be charged with said lien; a general statement of the work and labor performed and materials furnished] together with a description of the real property sought to be charged with said lien sufficient for identification, to-wit, the real property hereinbefore described; that plaintiffs paid for verifying and recording said notice of lien the sum of $47.80, no part of which has been paid."

Paragraph XIII names these demurring defendants and alleges that each has or claims to have some right, title or interest in the real property involved, "the exact nature of which claims is unknown to plaintiffs, but plaintiffs allege that any such claims are subject to and subordinate to the claim of lien of plaintiffs."

Defendants' demurrer on the grounds of uncertainty, ambiguity and unintelligibility, was not well taken in that it can be ascertained from the complaint what the plaintiffs' demands were, the credits and offsets to be deducted therefrom, the names of the owners, or reputed owners of the land, the general character of the work and labor performed and materials furnished, the name of the persons for whom, and at whose request the work was done and materials furnished.

Section 1187 (Code of Civil Procedure) provides that certain

persons may file for record, within a certain time limitation, with the county recorder of the county "in which such property or some part thereof is situated a claim of lien containing a statement of his demand after deducting all just credits and offsets, the name of the owner or reputed owner, if known, a general statement of the kind of work done or materials furnished by him, or both, the name of the person by whom he was employed or to whom he furnished the materials, and a description of the property sought to be charged with the lien sufficient for identification; which claim of lien must be verified by oath of claimant or some other person."

 A complaint to foreclose a mechanic's lien must show a substantial compliance with the statute as to the contents and filing of the notice of lien (*Barilari* v. *Ferrea*, 59 Cal. 1; *Goss* v. *Strelitz*, 54 Cal. 640; *McCreary* v. *Toronto Midway Oil Co.*, 38 Cal.App. 17 [175 P. 87].) Among other things it must, either by direct allegation, or by an attached copy of the notice of lien, show that the claim of lien contains the name of the owner or reputed owner of the property, if known, a sufficient description of the property (*Schalich* v. *Bell*, 173 Cal. 773 [161 P. 983]), and is duly verified. The complaint must show that the claim of lien was filed within the prescribed period (*Cohn* v. *Wright*, 89 Cal. 86 [26 P. 643]; 17 Cal.Jur. pp. 193, 194).

Defendants demurred on the ground that the plaintiffs' failure to set forth the actual contents of the notice of lien either by its legal effect, or *in haec verba*, constituted a total lack of compliance with the statutory provisions.

The allegations contained in Paragraph XII show that on August 9, 1951, plaintiffs recorded a notice of lien with the county recorder which contained the statements required by section 1187 (heretofore set forth). It was also alleged that plaintiffs "paid for *verifying* and recording said notice of lien." While the allegation concerning verification could have been more clearly set forth, it would appear that under a liberal construction of the pleadings, it was sufficient.

Defendants contend that the allegations with respect to the contents of the notice of lien recorded were but legal conclusions and therefore insufficient. Reliance is placed on *Norton* v. *Bedell Engineering Co.*, 88 Cal.App. 777 [264 P. 311], in which the court pointed out that "[t]he only allegations in the complaint with reference to the notice of lien required by law to be filed, are found in paragraph five, as follows: 'That thereafter, to wit, on April 11, 1923, and within thirty days after the filing of notice of completion of

said structure on said building upon which said labor and fixtures were furnished, and within the time provided by law, plaintiffs caused to be filed in the office of the County Recorder of Los Angeles county, California, in book 2048, page 186, of official records of said county, a mechanic's lien for said labor and material, and that said lien has not been released or satisfied in any way.' The complaint failed to specify any of the material statements which may have been contained in this notice of lien, as required by section 1187 of the Code of Civil Procedure. . . .

"Thereupon the appellants asked leave to amend their complaint by adding to paragraph five, above quoted, the following language: 'That said mechanic's lien claim set forth that plaintiffs actually furnished to the defendants the labor and material actually used in the construction of said building, and that said labor was actually done and performed, that said material was actually furnished, and actually entered into the erection and construction of said building so described.' And further: 'That the said lien set forth the names of the owners as the defendants in this action. That it further set forth that said owners contracted for said labor and materials and caused said structure to be erected. That it further set forth the date the said labor and material was furnished. That it further set forth the terms, time given and conditions of said contract for said labor and the payment therefor. That it further set forth that said contract had been fully performed on the part of the claimants, plaintiffs in this action. That it further set forth the date on which the said material and labor was delivered and rendered, and when they cease to furnish the same. That it further set forth the date of the completion of said building. That it further set forth the exact amount due after allowing all offsets and credits. That it further set forth the fact that the plaintiffs claim the benefit of the law of the State of California relative to liens, mechanics' and laborers upon real property. And further that the claim is duly verified.' " When the trial court stated to appellants' attorney that the amendment was still defective because the complaint could not be amended to state more than the lien showed, the attorney replied that he conceded that "the lien does not state the kind of labor or materials. . . ."

In the Norton case, *supra*, the court quoted the provisions of section 1187 and stated that "[i]t will be observed that the original complaint failed to allege any of the fore-

going necessary statements required by the statute. Nor does the proposed amendment supply these deficiencies. There was no pretense of alleging the kind of work done, or materials furnished. . . . It cannot be ascertained from the allegations of the complaint, as to the contents of the notice of lien, whether compensation is sought for lumber, hardware, paint, plaster or brick, nor whether the labor performed was that of a carpenter, plumber, painter, or brickmason. This is a fatal defect, without the allegations of which the complaint failed to state a cause of action upon a mechanic's lien. Even if the notice of lien were offered in evidence, it would be insufficient upon which to base an action to foreclose a mechanic's lien. . . . Nor does the proposed amendment contain a statement of any of the other material averments required by the statute. It is a recitation of mere conclusions. No definite facts are stated. The amendment, therefore, fails to remedy the defects of the original complaint with respect to the contents of the notice of lien.''

The Norton case is distinguishable from the one here under consideration in that the complaint in the Norton case was wholly deficient. The complaint in the case at bar sets forth the type of work done, the statement of plaintiffs' demand after deducting all credits and offsets, the names of the owners, the type of materials furnished, the names of the persons by whom plaintiffs were employed and a sufficient description of the property to be charged. There is also a statement that plaintiffs had paid a certain sum for verification and recordation of the claim of lien.

In *Barilari* v. *Ferrea, supra,* 59 Cal. 1, complaints to foreclose mechanic's liens in two cases were under consideration. The facts there set forth disclosed that ''[t]he complaint alleges that the defendants entered into a contract in writing with the plaintiff for the contract price of one thousand eight hundred and fifty dollars, and sets out specifically the terms of the contract; that the contract was completed on the 11th day of November, 1876; that the plaintiff, at the special instance and request of the defendants, did certain extra work for the sum of one hundred and seventy-three dollars and forty-three cents, which the defendant agreed to pay; that the sum of one thousand two hundred and fifty dollars was paid, and no more, and that there remained due a balance of seven hundred and seventy-three dollars and forty-three cents. The allegation as to the lien was as follows:

''That on the 22d day of December, 1876, he, the said plaintiff, duly filed for record with the County Recorder of

the said County of Alameda, that being the county in which said premises are situated, a claim of lien containing a statement of his demand after deducting all just credits and offsets, with the names of the said owners, and said defendants, with a statement of the terms, time given, and conditions of his, plaintiff's contract, with said defendants, and, also, a description of the said premises, the said property to be charged with said lien claimed by plaintiff; that said description was sufficient for identification of said premises, said property; and that said statement and claim were duly verified by the oath of plaintiff; that said claim of lien and statement was duly recorded by the said County Recorder in Liber 'C' of Mechanics' Lien, on page 281, to which lien and record particular reference is herein made; and the same is herein referred to and made a part hereof." The court held: "1. The demurrer was properly overruled. The averments with respect to the lien are sufficient."

Defendants' next contention is that plaintiff failed to conform to the requirements of section 459 of the Code of Civil Procedure in pleading an ordinance. That section provides that "[i]n pleading a private statute, or an ordinance of a county or municipal corporation, or a right derived therefrom, it is sufficient to refer to such statute or ordinance by its title and the day of its passage. . . ." Plaintiff's pleaded the ordinance by number but failed to give its title or date of passage. Defendants rely upon *Agnew* v. *City of Los Angeles*, 99 Cal.App.2d 105 [221 P.2d 340], *Redwood Theaters, Inc.* v. *City of Modesto*, 86 Cal.App.2d 907 [196 P.2d 119], and *Bandini Estate Co.* v. *Payne*, 10 Cal.App.2d 623 [52 P.2d 959], for the rule that "[m]ere reference to an Ordinance by number is not sufficient."

While an ordinance may be pleaded by the simplified method provided for in section 459 (Code of Civil Procedure), it may also be pleaded by setting forth the substance of the provision relied upon (18 Cal.Jur. § 211, pp. 922, 923; *Amestoy* v. *Electric R. T. Co.*, 95 Cal. 311 [30 P. 550]; *City of Tulare* v. *Hevren*, 126 Cal. 226 [58 P. 530]; *Simpson* v. *City of Los Angeles*, 40 Cal.2d 271 [253 P.2d 464]). This is what plaintiffs have done here.

It would appear from the foregoing that plaintiffs stated a cause of action for foreclosure of a mechanic's lien having complied with the statutory requirements therefor and that defendants' demurrer was improperly sustained.

Upon an appeal from the final judgment, this court

may review any intermediate ruling, proceeding, order or decision, from which an appeal could not be taken, which involves the merits or necessarily affects the judgment (Code Civ. Proc., § 956; *Menzies v. Geophysical Service, Inc.*, 116 Cal.App.2d 419 [254 P.2d 51]). The trial court here granted defendants' motion to strike various portions of plaintiffs' complaint. The portions of the complaint so stricken were essential to plaintiffs' cause of action to foreclose the mechanic's lien and the motion should not have been granted. For example, all of Paragraph XI was, on motion, stricken. This paragraph, which has been heretofore commented upon, was a vital part of plaintiffs' cause of action inasmuch as it set forth in substance the ordinance upon which plaintiffs relied to show that the county surveyor had not inspected, or accepted, the work done by plaintiffs so as to bring them within that portion of section 1191, subdivision (a) (Code of Civil Procedure), providing that the date of completion—the time the period of limitation commenced to run—was the date of such acceptance. Also stricken from the complaint were the allegations setting forth the statements contained in the claim of lien as filed with the County Recorder which were required by section 1187 of the Code of Civil Procedure.

While a motion to strike is addressed to the sound discretion of the trial court (Code Civ. Proc., § 452; *Colden* v. *Broadway State Bank*, 11 Cal.App.2d 428 [53 P.2d 983]), a matter which is essential to a cause of action should not be stricken (*Johnson* v. *Central Aviation Corp.*, 103 Cal.App.2d 102, 105, 106 [229 P.2d 114]) and it is error to do so (*Menzies* v. *Geophysical Service, Inc.* 116 Cal.App.2d 419, 422, 424 [254 P.2d 51]; *Allerton* v. *King*, 96 Cal.App. 230, 234 [274 P. 90]).

Plaintiffs having stated a cause of action, it appears to us that the trial court erroneously granted defendants' motion to strike and that it was error to sustain defendants' demurrer to the complaint. Plaintiffs having stated a cause of action, it was not necessary for them to file an amended complaint.

The judgment is reversed.

Shenk, Acting C. J., Traynor, J., Schauer, J., Spence, J., and Bray, J. pro tem.,* concurred.

EDMONDS, J.—I concur in the conclusion that the county surveyor is a municipal officer within the meaning of section

---

*Assigned by Chairman of Judicial Council.

1191, subdivision (a), of the Code of Civil Procedure. The claim filed by the plaintiffs therefore was not barred by lapse of time.

However, in my opinion the special demurrer on the ground of uncertainty and ambiguity properly was sustained, but the order should have allowed the claimants leave to amend.

For these reasons, I concur in the judgment of reversal.