[Civ. No. 13813. Third Dist. May 1, 1973.]

CALIFORNIA STATE EMPLOYEES' ASSOCIATION,
Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent.

**COUNSEL**

Loren E. McMaster for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Anthony S. DaVigo, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**GOLDSTEIN, J.*—**Petitioner California State Employees' Association appeals from a judgment denying its petition for a writ of mandate directing respondent State Personnel Board (hereinafter "Board") to vacate its order establishing a class of civil service employees described as "Career Executive Assignments" (hereinafter "CEA") and restraining respondent Board from holding executive sessions, except in cases specifically authorized by law.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

## The Facts

On February 24, 1972, the respondent Board held a public hearing to consider the establishment of a class of civil service employees described in section 19220 of the Government Code,[1] as "Career Executive Assignments." Such classified employees were to act as advisors to the Public Utilities Commission in policy matters. After hearing an expression of views on the proposal of proponents and opponents thereof (among the latter the petitioner), the Board recessed the hearing and held an executive session. Following the executive session, the Board reconvened the public hearing and announced its decision to approve the proposal to create the CEA.

## Petitioner's Contentions

1. The Board is precluded by statute from holding executive sessions on matters relating to the creation of CEA.

2. This court has the authority to set aside action taken during an executive session held in violation of section 11120 et seq.

3. This court may restrain future violations of the law by respondent.

Resolution of petitioner's contentions turns on whether the Board was forbidden by statute to hold executive sessions during its deliberations on public matters (except where such permission was specifically delineated and authorized).

## The Law

Section 19220 authorizes the Board to establish the CEA category of public civil service employees, a class described therein as "well-qualified and carefully selected executives."

Section 11120 declares that it is the public policy of the state that the public remain informed of the manner in which the public business is conducted, and, to that end, actions taken by public agencies as well as their deliberations must be conducted openly.

The foregoing declaration of policy is modified by section 18653, which provides: "The board shall meet in Sacramento as often as the needs of the public service may require and in such other places as it may designate. A majority of the members of the board constitutes a quorum. The vote of three concurring members shall be required to make any action of the

---

[1] All numbered references are to the Government Code, except as otherwise indicated.

board effective. The board shall keep minutes of its own proceedings and record its official actions.

*"The board may hold executive sessions as provided in Section 11126* of the Government Code *to deliberate on* (1) recommendations to the Governor or the Legislature, or (2) *decisions to be reached following hearings related to the administration of the provisions of Part 1 (commencing with Section 18000)* and *Part 2* (commencing with Section 18500) *of Division 5, of Title 2 of the Government Code or of the rules thereunder."* (Italics added.)

The foregoing reference to part 2 includes sections 18500 to 22866.

Section 11126 (referred to in § 18653) contains a number of exceptions to the declaration of policy in section 11120. Section 11126 provides that, notwithstanding any other provisions to the contrary, nothing therein contained shall prevent certain identified state agencies from holding executive sessions during regular or special meetings in 13 specified situations covering a wide range of governmental activities. Examples of such exceptions are proceedings to discipline and remove civil service employees, matters affecting national security, parole hearings, selection of college sites, investment of retirement funds, and salary and fringe benefits.

Petitioner correctly states that the Board hearing held pursuant to section 19220 to establish the CEA classification of civil service employees is not among the exceptions enumerated in section 11126. From this, petitioner concludes that the phrase "as provided in section 11126" employed in section 18653 is restrictive in purpose and prohibits the Board from holding executive sessions in any matter not specifically included in section 11126, or those relating to recommendations to the Governor and Legislature as provided in section 18653.

We are of the opinion that petitioner's construction of section 18653 is unreasonably and unnecessarily narrow. It is destructive of the legislative intent and purpose. As a court, it is our duty to harmonize and give viability to statutes, where we can reasonably so do. Petitioner's construction achieves the opposite result. If adopted, it would render most of the second paragraph of section 18653 a nullity. It is apparent that the legislative delegation to the Board of the right to "hold executive sessions" "to deliberate on"—"decisions to be reached *following hearings*" (italics added) on the matters enumerated in sections 18500 to 22866 was intended to achieve a salutary purpose, not an idle act.

As we construe section 18653, the Board is still required to hold public hearings on all matters included in part 2 (commencing with

§ 18500) of division 5, of title 2, of the Government Code. When the hearing has reached the *decisional stage,* it *may* recess the hearing and hold an executive session for the sole purpose of deliberating on the decision to be reached on the subject matter of such hearing. At the conclusion of such executive session, the Board must reconvene the public hearing and make public announcement of its decision.

Such a construction imparts meaning to and harmonizes the respective provisions of sections 11120, 18653 and 11126. It preserves inviolate the right of the public to participate fully and completely in open discussions of all matters involving Board action and openly to air its views as to the vices and virtues of such action. It is an assurance that no public business will be conducted at closed or unannounced hearings. At the same time, the Board is given an opportunity to review the evidence before it, to exchange views and to deliberate thereon under conditions conducive to calm, orderly and frank discussion. In a broad sense, such a procedure is similar to a trial by jury—the evidence and verdict are presented in public, but the deliberations are conducted at a closed session.

Sections 11126 and 18653 are a part of chapter 1656 of the Statutes of 1967. It leads to an absurdity to conclude that the Legislature, by enacting section 18653, intended to delegate to the Board the right to hold executive sessions for deliberation following hearings on matters included in many sections of the Government Code, and at the same time, nullify such right by limiting such executive sessions to cases mentioned only in section 11126. Yet, this is what petitioner urges. It is more in keeping with sound statutory construction to conclude that the phrase "as provided in Section 11126" was intended to identify the exceptions in section 18653 with those in section 11126; so construed, the words "as provided in" are synonymous with "in accordance with," rather than "only as provided in" as contended by petitioner.

Our ruling is consistent with long-established and well-recognized rules of statutory construction. In *Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227 [273 P.2d 5], the court stated at page 233: "And where the language of a statutory provision is susceptible of two constructions, one of which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted [citations]. . . . The presumption obtains that every word, phrase and provision employed in a statute is intended to have meaning and to perform a useful function and it is not to be supposed that the Legislature used

language in a sense which would defeat the only purpose and render nugatory an important provision of the act [citations]."

The judgment denying petitioner's petition for a writ of mandate is affirmed.

Richardson, P. J., and Regan, J., concurred.