BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
THE HONORABLE DICK MONTEITH, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
May a county board of education grant scholarships or monetary awards to county students?
 CONCLUSION
A county board of education may grant scholarships and monetary awards to county students when it is acting as the governing board of a school district.
 ANALYSIS
A county board of education ("county board") generally approves the budget of the county superintendent of schools ("county superintendent"), sets the salary and provides offices for the county superintendent, and employs persons to provide special services to the county board, among other duties and responsibilities. (See Cal. Const., art. IX, §§ 3.1-3.3; Ed. Code, §§ 1000-1097; Board of Education v. County of San Luis Obispo (1981) 126 Cal.App.3d 320; 79 Ops.Cal.Atty.Gen. 155, 157-158 (1996); 72 Ops.Cal.Atty.Gen. 25, 26-27 (1989); 31 Ops.Cal.Atty.Gen. 170, 171-172 (1958).)[1] We are asked whether a county board may grant scholarships or monetary awards to county students. We conclude that it may when it is acting as the governing board of a school district.
First, with respect to scholarship grants, the Legislature has created a comprehensive statutory scheme (§§ 35310-35319) authorizing a school district's governing board to maintain a scholarship and loan fund (§ 35310) for the purpose of "making interest-free loans for educational advancement, for scholarship, or for grants-in-aid to eligible persons" (§ 35315). A committee composed of members of the school district's governing board, the school district superintendent and other community, faculty, administrative and student representatives is responsible for administering the fund. (§ 35310.) The committee is authorized to "accept on behalf of, and in the name of, the fund, such gifts, donations, bequests, and devises as are made for the purposes of the fund." (§ 35313.) Finally, the school district superintendent, as the chief executive officer of the fund, is required to make periodic reports to the school district governing board regarding the status and activity of the fund. (§ 35319.)
The key statute of this legislative scheme requiring our examination is section 35310, which provides as follows:
 "The governing board of any school district may establish and maintain a scholarship and loan fund, to be administered by a committee composed of the members of the governing board of the school district, the school district superintendent, and such other community, faculty, administrative, and student representatives as the governing board shall determine.
 "The governing board shall, by rules and regulations, determine the terms of office and the method of selection of such community, faculty, administrative, and student representatives."
Section 35310 grants authority only for a governing board of a school district to establish and maintain a scholarship and loan fund. Had the Legislature intended to so authorize county boards, it could have easily done so. The absence of express authorization for county boards raises the negative implication that no such authority has been conferred. (Dyna-Med, Inc. v. Fair Employment Housing Com. (1987)43 Cal.3d 1379, 1391, fn. 13 [doctrine of statutory construction, expressio unius est exclusio alterius, meaning that "`the expression of certain things in a statute necessarily involves exclusion of other things not expressed. . . .' [Citation.]"].)
However, a county board may serve as the governing board of a school district or be granted the powers of a governing board by statute. (See §§ 1984 [county board "deemed to be a school district" when "maintaining a county community school"], 44944, subd. (b) ["When the county board of education is also the governing board of the school district or has by statute been granted the powers of a governing board . . ."], 42127, subd. (j) ["Any school district for which the county board of education serves as the governing board . . ."].) In such instances, a county board may establish and maintain a scholarship and loan fund and grant scholarships to eligible students in accordance with the provisions of sections 35310-35319.
No other statute or statutory scheme authorizes the granting of scholarship funds to the students of a county. Sections 1040-1047, which specifies the duties and responsibilities of county boards, contain no such authorization. The general grant of authority for county boards to "act in any manner which is not . . . inconsistent with . . . any law" (§ 35160; see §§ 35160.1, 35160.2; Fleice v. Chualar Union Elementary School Dist. (1988) 206 Cal.App.3d 886,890-891) has no application here since the granting of scholarship funds by a county board would be "inconsistent with" the terms of section35310. (See Cumero v. Public Employment Relations Bd. (1989)49 Cal.3d 575, 591; 84 Ops.Cal.Atty.Gen. 5, 8-9 (2001); 83 Ops.Cal.Atty.Gen. 40, 41 (2000); 81 Ops.Cal.Atty.Gen. 218, 221 (1998); 81 Ops.Cal.Atty.Gen. 80, 82 (1998).) The Legislature has chosen school district governing boards to distribute scholarship funds under specified conditions. (§§ 35310-35319.) A contrary construction of sections 35160-35160.2 would render sections 35310-35319 meaningless. We presume that, in enacting sections 35310-35319, the Legislature intended "every word, phrase and provision . . . to have meaning and to perform a useful function." (Clements v. T. R. Bechtel Co. (1954) 43 Cal.2d 227, 233.)
A similar determination may be made with respect to the authority of a county board to grant monetary awards to county students. Section44015 provides:
 "(a) The governing board of a school district may make awards to employees who do any of the following:
 "(1) Propose procedures or ideas that thereafter are adopted and effectuated, and that result in eliminating or reducing district expenditures or improving operations.
"(2) Perform special acts or special services in the public interest.
 "(3) By their superior accomplishments, make exceptional contributions to the efficiency, economy, or other improvement in operations of the school district.
 "(b) The governing board of a school district may make awards to pupils for excellence.
 "Before any awards are made pursuant to this section, the governing board shall adopt rules and regulations. The board may appoint one or more merit award committees made up of district officers, district employees, or private citizens to consider employee proposals, special acts, special services, or superior accomplishments and to act affirmatively or negatively thereon or to provide appropriate recommendations thereon to the board.
 "Any award granted under the provisions of this section that may be made by an awards committee under appropriate district rules, shall not exceed two hundred dollars ($200), unless a larger award is expressly approved by the governing board.
 "When an awards program is established in a school district pursuant to this section, the governing board shall budget funds for this purpose but may authorize awards from funds under its control whether or not budgeted funds have been provided or the funds budgeted are exhausted."
Like section 35310, section 44015 is a grant of specific authority only to governing boards of school districts. The absence of express authorization for county boards to grant monetary awards raises the negative implication that no such authority has been conferred. (Dyna-Med, Inc. v. Fair Employment Housing Com., supra, 43 Cal.3d at p. 1391, fn. 13.) However, as with section 35310, a county board, when serving as the governing board of a school district, may grant monetary awards to students in accordance with the requirements of section 44015, subdivision (b).
Similar to our analysis of section 35310, we find that the granting of monetary awards is not included within the specific statutory duties and responsibilities of county boards. (§§ 1040-1047.) The general authority granted to county boards under sections 35160
and 35160.1 likewise has no application here since the exercise of such authority would be inconsistent with the provisions of section 44015, subdivision (b).
Accordingly, we conclude that a county board may grant scholarships and monetary awards to county students when it is acting as the governing board of a school district.
[1] All further statutory references are to the Education Code unless otherwise indicated.