[L. A. No. 16138. In Bank.—April 21, 1937.]

PACIFIC COMPANY OF CALIFORNIA (a Corporation), Petitioner, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al., Respondents.

Miller, Chevalier, Peeler & Wilson, Melvin D. Wilson, Holbrook, Taylor, Tarr & Reed, and W. Sumner Holbrook, Jr., for Petitioner.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

SHENK, J.—This proceeding in *mandamus* was brought to test the application of the provisions of section 3627a of the Political Code.

The petitioner is a Delaware corporation with its principal place of business in the city of Los Angeles. On the first Monday of March, 1936, the assessor of the county of Los Angeles, for purposes of levying *ad valorem* property taxes for the tax year 1936–1937, assessed at a valuation of $443,-660 the stocks and bonds in Los Angeles County owned by the corporation. The assessment was purported to have been made pursuant to section 3627a of the Political Code. By the present proceeding the corporation sought to have the assessment canceled.

Since 1929 (Stats. 1929, p. 35), said section 3627a has contained the following provision: ''Notes, debentures, shares of capital stock, bonds, deeds of trust, mortgages, and any legal or equitable interest therein, of the classes taxable to the owner thereof under the provisions of section 14 of Article XIII of the Constitution of this State, are hereby taxed upon their actual value at the rate of two-tenths of one per cent. . . . ''

In 1935 the legislature by amendment added the following: ''The property aforesaid . . . shall no longer be taxable under the provisions of this section if and when a net income tax shall be passed or adopted in this State. Upon the passage or adoption of such tax and from the time such income tax becomes effective such net income tax shall be in lieu of the tax herein provided for upon notes, debentures, shares of capital stock, bonds, deeds of trust, mortgages and any legal or equitable interest therein. Provided, however, that any and all taxes imposed herein on such property prior to the passage or adoption of such net income tax and the effective date thereof shall remain fully collectible and distributable hereunder.'' (Stats. 1935, p. 2251.)

In the same year the legislature adopted a net income tax law (Stats. 1935, p. 1090), which became effective upon its approval on June 13, 1935. It provided for the payment of a tax on the net income of individuals. That law was

therefore in effect in March, 1936, when the petitioner's stocks and bonds were assessed for the payment of the tax provided by section 3627a of the Political Code.

■ The enactment of the income tax law brought into operation the amendment to section 3627a of the Political Code. It is necessarily conceded that as to individuals who own intangible properties enumerated therein, the "in lieu" provision applies and no inquiry may be made as to whether in each case a tax on income derived therefrom is actually paid. It therefore must also be conceded that the substituted income tax is unlike the "in lieu" taxes involved in the cases of *Southern Cal. Tel. Co.* v. *Los Angeles County*, 212 Cal. 121 [298 Pac. 9], and *Ingels* v. *Riley*, 5 Cal. (2d) 154 [53 Pac. (2d) 939, 103 A. L. R. 1], wherein, by the express limitation of the statute, if the property was not subject to the "in lieu" tax it remained subject to the *ad valorem* property tax. The respondents seek the application of the cited cases to support their position that corporation owned stocks and bonds are still locally taxable. They offer the test that "the provision is for release of notes, stocks and bonds from local taxation upon the passage or adoption of an income tax which shall be an in lieu or substitute tax *thereon*. The provision is for the release upon the happening of the stated event with the specified result—not for the release upon the mere happening of the stated event independent of the specified result". But when the respondents are forced to concede that the application of the test suggested by them does not as well subject an individual owner of such intangible personal property to the local *ad valorem* tax when that individual does not pay any income tax thereon, the foundation of its position must of necessity collapse. ■ By the language of section 3627a the legislature has made no differentiation between individuals and corporations, and this court may not make one for it. The language is explicit and plain, viz.: that upon the passage or adoption of a net income tax such net income tax shall be in lieu of the tax provided for upon the forms of intangible property specified and any legal or equitable interest therein. No exceptions are provided for. There is no ambiguous or uncertain phrase calling for either debate or application of strict or liberal rules of interpretation. In the recent case of *Northwestern Mutual Life Ins. Co.* v. *Johnson, ante,* p. 42 [63 Pac. (2d)

814], we again pointed out that such a provision creates a substitution and not an exemption. ■ The applicable rule of interpretation is that which requires the plain meaning to be given to the languge employed. (*Pacific Gas & Elec. Co.* v. *Roberts*, 168 Cal. 420, 432 [143 Pac. 700].)
■ There is involved no arbitrary classification by the substitution of a tax on net income as a source of revenue for *ad valorem* taxes on intangible personal property. The fact that corporations since 1929 have been paying a tax measured by net income, designated as a franchise or privilege tax, does not render the obvious meaning of the amended section unreasonable.

We perceive no other possible conclusion than that the forms of intangible personal property enumerated in the 1935 amendment to section 3627a of the Political Code are no longer assessable under said section and that the petitioner is entitled to a cancellation of the assessment of March, 1936, upon its stocks and bonds.

Let the peremptory writ issue as prayed.

Thompson, J., Edmonds, J., Curtis, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.