[L. A. No. 16106.   In Bank.—January 26, 1940.]

HILDA OLSEN BOLDT WEBER, Appellant, v. COUNTY OF SANTA BARBARA, Respondent.

Griffith & Thornburgh for Appellant.

Stater & Dawson, John J. Dawson, Pillsbury, Madison & Sutro, Alfred Sutro, Francis N. Marshall, Holbrook & Tarr, W. Sumner Holbrook, Jr., Miller, Chevalier, Peeler & Wilson and Melvin D. Wilson, as *Amici Curiae,* on Behalf of Appellant.

Percy Heckendorf, District Attorney, and Rigmor O. Carlsen, Deputy District Attorney, for Respondent.

J. H. O'Connor, County Counsel (Los Angeles), S. V. O. Prichard, Assistant County Counsel, and A. Curtis Smith, Deputy County Counsel, as *Amici Curiae*, on Behalf of Respondent.

CARTER, J.—Action to recover a tax paid under protest and alleged to have been unlawfully collected. Defendant's demurrer to the complaint was sustained without leave to amend and plaintiff prosecutes this appeal from the judgment of dismissal thereafter entered.

The tax sought to be recovered is in the amount of $7,170.58 and was imposed on certain stocks and bonds owned by the plaintiff on the first Monday of March, 1935. Section 3627a of the Political Code, as it then read, provided for the imposition of an *ad valorem* tax on intangible personal property as of the first Monday of March, which tax, under the section, was immediately due and payable except when, by virtue of the provisions of section 3717 of the same code, it became a lien on any real property of the taxpayer, which lien attached as of the same date. In view of these statutory provisions, there can be no question but that the tax here sought to be recovered was imposed as of the first Monday of March, 1935. Plaintiff, however, seeks to invalidate its imposition and collection by reason of the subsequent enactment of the Personal Income Tax Act (Stats. 1935, chap. 329), effective by its terms on June 13, 1935, approximately three months after imposition of the *ad valorem* tax here involved. As shall more fully hereinafter appear, the income tax was intended as a substitute for and was to be in lieu of the *ad valorem* tax theretofore imposed on intangible personal property (other than solvent credits) under the provisions of section 3627a, *supra*. While approved by the governor on June 13, 1935, and by its terms effective immediately, the income tax was to be computed retroactively upon all income received or accrued on or after January 1, 1935. It is this retroactive feature of the income tax that underlies and constitutes the basis of the plaintiff's contention that said tax superseded and vitiated the *ad valorem* tax already imposed

(and in many instances paid) prior to the enactment of the income tax statute.

The parties hereto are in agreement upon the proposition that the income tax was intended as and is a substitute for the *ad valorem* tax formerly imposed under section 3627a, *supra,* on intangible personal property, except solvent credits. The amendment of the latter section at the same session of the legislature, effective September 15, 1935, three months after the enactment of the income tax statute, definitely indicates that the method of *ad valorem* tax therein provided for was to be abandoned and superseded if and when an income tax "shall be passed or adopted". In *Pacific Co.* v. *Board of Supervisors,* 8 Cal. (2d) 611, 613 [67 Pac. (2d) 335], this court declared the income tax to be a substitute or in lieu tax for the tax theretofore imposed by section 3627a, except as to solvent credits, not here involved. Neither party to this litigation questions the correctness of that decision. However, that case is distinguishable from the present one for it involved a tax for the year 1936. The parties hereto agree, as already indicated, that the income tax superseded the old *ad valorem* tax for that and subsequent years. They disagree as to the year 1935. It is the plaintiff's theory, as indicated above, that inasmuch as the substituted income tax was operative upon and measured by income derived on or after January 1, 1935, though the act imposing such tax was not effective until June 13, 1935, it served to nullify the *ad valorem* tax theretofore imposed under section 3627a on the first Monday of March, 1935, prior to the enactment of the Income Tax Act. The defendant county, on the other hand, while generally conceding the income tax to be in lieu of the former *ad valorem* tax imposed by section 3627a, urges that the 1935 amendment of the latter section after declaring the income tax to be a substitute for the *ad valorem* tax theretofore imposed under its provisions, by express proviso or "saving clause" made all taxes theretofore imposed thereunder "fully collectible and distributable". It is the defendant county's theory that said proviso or saving clause referred solely and alone to the tax imposed under the section as of the first Monday of March, 1935, which would include the tax here sought to be recovered by the plaintiff. Inasmuch as the solution of this problem turns on a construction of the 1935 amendment of section 3627a it is well that we have the same before us. It reads: "The property aforesaid, ex-

cept solvent credits, shall no longer be taxable under the provisions of this section if and when a net income tax shall be passed or adopted in this State. Upon the passage or adoption of such tax and from the time such income tax becomes effective such net income tax shall be in lieu of the tax herein provided for upon notes, debentures, shares of capital stock, bonds, deeds of trust, mortgages and any legal or equitable interest therein. Provided, however, that any and all taxes imposed herein on such property prior to the passage or adoption of such net income tax and the effective date thereof shall remain fully collectible and distributable hereunder." (Stats. 1935, p. 2251.)

█ In her effort to preclude the foregoing proviso or saving clause from applying to the *ad valorem* tax imposed as of the first Monday of March, 1935, the appellant argues that the effective date of the substituted income tax, as distinguished from the effective date of the act imposing the same, was fixed retroactively so as to be prior to the date of the *ad valorem* tax imposed by section 3627a on the first Monday of March, 1935. From this she reasons that the latter tax was not a tax "imposed . . . prior to the passage or adoption of such net income tax and *the effective date thereof*" so as to "remain fully collectible and distributable" under said proviso or saving clause.

We cannot accept the appellant's reasoning. It confuses the date from which the substituted income tax was to be computed with the effective date of the enactment of such tax or act imposing the same. It distorts the obvious intention of the legislature and undertakes to give effect only to the italicized phrase "the effective date thereof" to the utter and complete excluson of the thrice-repeated phrase "upon the passage or adoption" of the substituted net income tax. This latter phrase is peculiarly appropriate to the effective date of the *act* imposing the new or substituted tax and not to the asserted effective date of the tax itself. █ It is a cardinal rule of statutory construction that in attempting to ascertain the legislative intention effect should be given, whenever possible, to the statute as a whole and to every word and clause thereof, leaving no part or provision useless or deprived of meaning. █ As appears from the above chronological statement, a tax was "imposed" upon the plaintiff's stocks and bonds by the express language of section 3627a on

the first Monday of March, 1935. At the time such tax was "imposed" there was no Income Tax Act in existence. The latter act was not effective until June 13, 1935, though the tax therein provided for was to be computed on income derived on or after January 1, 1935. In view of this chronology, we think the conclusion is inescapable that the proviso or "saving clause" in section 3627a relates specifically and solely to the tax which was "imposed" and became a lien on the first Monday of March, 1935. In adding the proviso, it was the undoubted purpose of the legislature to make it plain that the *ad valorem* tax so imposed in March, 1935, prior to the enactment of the income tax but subsequent to the date from which such substituted income tax was to be computed, was not to fall within the in lieu provision contained in the earlier portion of the 1935 amendment of section 3627a. This intention clearly appears from the language employed by the legislature.

In *City Inv., Ltd.,* v. *Johnson,* 6 Cal. (2d) 150, 153 [56 Pac. (2d) 939], where for a portion of the first year after the enactment of an in lieu or substituted tax there was an admitted overlap (as here) between the old *ad valorem* franchise tax there involved and the new or substituted franchise tax measured by net income, this court declared, in part, that "The *ad valorem* franchise tax had become a valid charge . . . prior to the 1928 amendment, and the 'in lieu' provision of that amendment cannot be given the effect of destroying the right to collect it." And this, without the presence of a "saving clause" such as is here involved. There, as here, the substituted tax was measured by and computed upon income derived in part during the period covered by the old or *ad valorem* tax. ■ In passing, it should be pointed out that the cited case is also authority for the settled principle that the simultaneous imposition of an *ad valorem* tax on property and of a tax measured by the income from such property, does no violence to constitutional inhibitions against double taxation. Plaintiff's contention that the overlap here sanctioned represents unconstitutional double taxation is therefore lacking in merit.

■ Aside from our conclusion that the legislature clearly evidenced its intention to save and to make "fully collectible and distributable" such *ad valorem* taxes as had been imposed on intangible personal property in March, 1935, prior to the enactment of the substituted income tax, we are also of the

view that a statute (such as the 1935 amendment of sec. 3627a) releasing property from a particular form of tax should be strictly construed against the taxpayer. (*Hunton* v. *Commonwealth,* 166 Va. 229 [183 S. E. 873].) Such a statute differs from one imposing a tax which is construed liberally in favor of the taxpayer. Here we find no clear legislative expression vitiating the already imposed 1935 *ad valorem* tax on intangible personal property, assuming such power rests in the legislature. Such intention certainly should not be implied. In fact, as already shown, the legislative intention appears to be clearly to the contrary.

In addition to what already has been said, it might be stated that the proviso contained in the 1935 amendment of section 3627a would be useless and without meaning unless construed, as here, to have been added by the legislature out of an abundance of caution to make it plain that the already imposed *ad valorem* tax of March, 1935, was not to fall within the "in lieu" provision merely because the substituted tax was to be computed upon or measured by income partly accrued at a time antedating the imposition of such *ad valorem* tax. The proviso or saving clause was not needed to protect or render collectible *ad valorem* taxes imposed on intangible personal property in 1934 and prior years. (*City Inv., Ltd.,* v. *Johnson, supra,* 153; *Riley* v. *Howard,* 190 Cal. 522 [226 Pac. 393, 99 A. L. R. 1032, 1068].) It necessarily must have been added merely to clarify the situation caused by the temporary overlap of the two taxes.

In our consideration of this cause we have examined not only the briefs of the parties hereto but those of *amici curiae* in support of the respective contentions advanced, as well as the briefs of the parties and *amici curiae* in the case of *Dawson* v. *County of Los Angeles,* L. A. 16854 (*ante,* p. 77 [98 Pac. (2d) 495]), involving the same issue, and decided this day.

Inasmuch as the tax here sought to be recovered was properly imposed and collected, it is unnecessary for us to determine whether the filing of a claim under section 4075 of the Political Code was a necessary prerequisite to the commencement of suit.

The judgment is affirmed.

Shenk, J., Gibson, J., Waste, C. J., Edmonds, J., and Curtis, J., concurred.