[Civ. No. 5953.   Fourth Dist.   Mar. 18, 1959.]

FIREMEN'S BENEVOLENT ASSOCIATION, INC., Respondent, v. THE CITY COUNCIL OF THE CITY OF SANTA ANA et al., Appellants.

John K. Colwell, City Attorney, and Ronald H. Bevins, Deputy City Attorney, for Appellants.

Robert G. Cockins, City Attorney (Santa Monica), as Amicus Curiae on behalf of Appellants.

Jacobs, Jacobs, Hayden & Nelson and M. Lyle Nelson for Respondent.

SHEPARD, J.—This is an appeal from a judgment granting a peremptory writ of mandate directing the city council of the respondent City of Santa Ana (hereinafter called City) to forthwith amend the City's contract with the Board of Administration of State Employees' Retirement System (hereinafter called State), so as to adopt for the employees of City (hereinafter called Employees) all of the benefits provided by Government Code, sections 21264 and 21337.

The contract by which City effectuated the joinder of its retirement system with that of State came into being in 1947. City adopted a charter effective April 14, 1953. Government Code, sections 21264 and 21337 became effective after said date and provide certain benefits to certain surviving dependents of an employee who dies after becoming eligible for retirement or after retirement, which benefits are above and beyond those provided elsewhere in the act. The last paragraph of section 21264 reads as follows:

"This section shall not apply to any contracting agency nor to the employees of any contracting agency unless and until the agency elects to be subject to the provisions of this section by amendment to its contract made in the manner prescribed for approval of contracts, except that an election among the employees is not required, or, in the case of contracts made after the date this section takes effect, by express provision in such contract making the contracting agency subject to the provisions of this section."

The last paragraph of section 21337 uses almost identical words.

Section 1400 of article XIV of the charter adopted by City authorizes City and its council and officers to do any act necessary to enable City to continue as a contracting partici-

pant in the State Retirement System. The second paragraph of said section reads as follows:

"The City Council is directed to comply with all the provisions of the State Employees' Retirement Law, as now enacted, or as it may hereafter be amended, including the levy of all necessary taxes."

June 25, 1957 petitioner requested the city council of City to amend its contract with State to include for employees the benefits of said sections 21264 and 21337. January 3, 1958, petitioner filed its petition in superior court asking for a writ of mandate to compel the city council of City to amend its contract with State to include said benefits of sections 21264 and 21337. After trial on the alternative writ, a judgment was rendered for the issuance of a peremptory writ of mandate compelling said city council to forthwith amend City's contract so as to make City subject to the provisions of said sections 21264 and 21337. City appeals from said judgment.

It is the contention of petitioner that said second paragraph of section 1400 of City's charter is a mandatory directive to City's council requiring it to incorporate into City's contract with State the benefits created by sections 21264 and 21337. Petitioner cites in support thereof certain general rules of statutory construction, first, that the word "direct" means "to point to; guide; order, command; instruct" (Black's Law Dictionary, p. 546), and is of the opinion that the word "direct," as used in the above quoted section 1400, is mandatory. Next, petitioner says that in ascertaining legislative intent it is the general rule to so construe the act as to give effect to all parts thereof. (*Weber* v. *County of Santa Barbara*, 15 Cal.2d 82 [98 P.2d 492]; *County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634 [122 P.2d 526].) Further, petitioner contends that pension statutes are liberally construed in favor of the pensioner. (*Terry* v. *City of Berkeley*, 41 Cal.2d 698 [263 P.2d 833]; *Gibson* v. *City of San Diego*, 25 Cal.2d 930 [156 P.2d 737].)

Appellant contends that said section 1400 is at the most only a direction to the council of City to adopt by contract those provisions of State system which make up the basic body of that system without options, and that it is not a direction to adopt, willy-nilly, each and all of those provisions of the act that have been made by the act optional to City. City cites in support of its position certain general principles of law: 1. That mandamus will not issue to control the performance by an administrative or legislative body of a discre-

tionary act. (*Wilson* v. *Board of Retirement,* 156 Cal.App.2d 195, 213 [319 P.2d 426].) 2. That while pension provisions are to be liberally construed in order to carry out their beneficent purposes nevertheless ''where the language itself of the statute is sufficiently clear or free from obscurity as to reasonably remove all doubt as to its meaning,'' there is no reason to attempt to apply those rules of statutory construction commonly needed for interpretation of statutory ambiguities. (*Klench* v. *Board of Pension Fund Commrs.,* 79 Cal.App. 171 [249 P. 46].)

█ There is no question that a statutory enactment may ordinarily provide that it will take effect on the happening of some future event (*Ross* v. *Board of Retirement,* 92 Cal. App.2d 188 [206 P.2d 903]), nor is there any doubt that the decision of a local governing board may be one of such conditions. (*Ogle* v. *Eckel,* 49 Cal.App.2d 599 [122 P.2d 67].)

█ It is also a general rule that, where a legislative body adopts a whole section or system of laws on a given subject provided by another legislative authority, the future amendments thereto are also adopted. (*Palermo* v. *Stockton Theatres, Inc.,* 32 Cal.2d 53, 59 [195 P.2d 1].) Our courts have also approved of increased benefits provided for those already within a retirement system. (*Sweesy* v. *Los Angeles etc. Retirement Board,* 17 Cal.2d 356, 363 [110 P.2d 37].) The question at hand has been carefully briefed by the parties as well as by amicus curiae, and they have apparently been unable to discover any decision in a court of last resort on a comparable situation to the one here at bar. Nor has this court's research produced any such authority.

A close examination of the State Employees' Retirement Law, which covers sections 20000 to 21500, Government Code, reveals that it contains a large number of optional provisions. Local employees are divided into four classifications, firemen, policemen, county peace officers, and miscellaneous. Upon a proposal to join the State System, each of these groups has the option to go in or stay out of the State System (Gov. Code, §§ 20457-20458). If City elects to adopt any optional benefit for its employees it may do so without the vote of employees unless such change requires increased contributions from employees. In the latter instance, an employee vote is a prerequisite to adopting the new benefit. (Gov. Code, § 20461.5) If an employee class exclusion adversely affects the interest of the system, State may refuse it. (Gov. Code, § 20492.) A local safety member includes firemen. (Gov. Code,

§ 20019.) The normal contribution of safety members is provided in section 20607. Two optional normal rates of contribution on different retirement age bases are provided by sections 20607.5 and 20607.6. Sections 20654.6 and 20931 give certain employees the option to improve their beneficiary standing by making lump sum payments to the fund. Sections 20952, 20952.5 and 20952.6 provide certain additional options on age of retirement. Section 21251.3 gives certain options for increase of benefits after retirement. Section 21252.6 contains certain options on age and service calculations. Section 21261.5 provides options for increase of certain current and prior service pensions. Section 21367.51 provides optionally for certain lump sum death benefits.

An examination of these and other sections shows that the wording of the clause making the section optional is in most instances identical or nearly identical with the wording used in the clause subject of our present inquiry. It also appears that in some cases the benefits are alternative in form, that is, that if both sections were adopted there would be an inescapable conflict.

Each of the benefits which may from time to time be adopted in a pension system affect in some degree the financial drain on the fund from which all pensioners must draw to realize the economic security sought to be provided for them by the system. That security rests in the first instance in the pension fund itself and, secondly, in the sources from which that fund must draw its strength, to wit, the contributions of employees and the contributions of employers. Someone must keep a careful check on this problem at all times and in the case of State Employees Retirement Fund the act recognizes this problem by directing that the contributions may from time to time be adjusted as necessities of the fund require. Since neither the fund nor its sources are inexhaustible someone must exercise the sound judgment necessary to keep the whole system balanced. In part, the discretion or judgment has been entrusted to the retirement fund board, in part it has been entrusted to the local political subdivision's governing head, and in part it has been entrusted to the elective voice of the employees themselves.

The terms "elect" and "election" mean to make a choice between two alternatives. ▇▇ Ordinarily, when a statute uses that terminology it means that the retirement plan or the particular provision which is spoken of may or may not be

adopted within the sound judgment and discretion of the governing board required to exercise an election. (*Independent School Dist.* v. *Iowa Employment Security Com.*, 237 Iowa 1301 [25 N.W.2d 491, 495].) ▮ We see no reason to make any exception to the general rule. There is nothing ambiguous in the paragraph quoted from said sections 21264 and 21337. In our opinion, the intent of the Legislature in appending to sections 21264 and 21337 of the Government Code the clause hereinabove quoted was to give to the governing board the choice or option of adopting the benefits of said sections or not adopting them. When the city council has exercised its discretion in that respect it is our opinion that it has complied with the provisions of said section 1400 above quoted.

The judgment is reversed.

Griffin, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied April 15, 1959, and respondent's petition for a hearing by the Supreme Court was denied May 13, 1959.