[Civ. No. 23537.   Second Dist., Div. Two.   Aug. 13, 1959.]

JOSEPH B. SULLIVAN et al., Appellants, v. CITY
OF SANTA MONICA et al., Respondents.

Hays & McLaughlin for Appellants.

Robert G. Cockins, City Attorney, Robert D. Ogle, Assistant City Attorney, Robert H. Baida and Richard G. Berry, Deputy City Attorneys, for Respondents.

ASHBURN, J.—The city of Santa Monica, by contract with the State Board of Administration on April 5, 1944, elected to participate in the State Employees' Retirement System (Gov. Code, § 20000 et seq.), thus becoming a "contracting agency" in the state system (*id.*, §§ 20450-20495).

■ Petitioners are employees or retired employees (firemen and policemen) of the city and seek by writ of mandate to compel respondents to amend this contract to include for them the additional benefits of Government Code, section 21264, enacted in 1953, amended in 1955.

Petitioners appeal from judgment of dismissal entered upon the sustaining of respondents' demurrer.

Section 1200 of the city charter provides: "The 'State Employees' Retirement Act,' as it now exists or may hereafter be amended, is hereby adopted for the City of Santa Monica, and plenary authority and power are hereby vested in said City, its City Council and its several officers, agents and employees to do and perform any act, or exercise any authority granted, permitted, or required under the provisions of said Retirement Act, to enable said City to become or continue as a contracting City participating in the State Employees' Retirement System; provided, however, that the City Council may terminate any contract entered into with the Board of Administration of the State Employees' Retirement System only under authority granted by ordinance adopted by a majority vote of the electors of the City of Santa Monica, voting on such proposition at an election at which such proposal is presented."

It is appellants' contention that because this charter provision adopts the retirement law "as it now exists or may hereafter be amended," and because of the plenary power given the city council to do all things necessary to continue as a contracting party in the system, respondents have no discretion in the matter, but are required to amend the contract to make the benefits of section 21264 applicable to the petitioners.

Section 21264 provides special benefits for the surviving widow, children, or dependent parents upon the death of a "local safety member" after retirement. The last paragraph of said section provides: "This section shall not apply to any contracting agency nor to the employees of any contracting agency unless and until the agency elects to be subject to the provisions of this section by amendment to its contract made in the manner prescribed for approval of contracts, except

that an election among the employees is not required, or, in the case of contracts made after the date this section takes effect, by express provision in such contract making the contracting agency subject to the provisions of this section."

Respondents fully agree that the city has become a member of the system and has adopted the state retirement system *in toto,* including all amendments, but they argue that section 21264 specifically provides for an election by a contracting party to participate in these additional benefits when it states: "This section shall not apply to any contracting agency . . . unless and until the agency elects to be subject to the provisions of this section by amendment to its contract. . . ."

The city asserts in its answer that such requested action would cost $106,000 per annum, or an increase in the tax rate of .062 cents per $100; that it is the duty of respondents to so conduct the affairs of the city as to maintain the tax rate at the minimum amount commensurate with the effective operation of said city, and that said increase in the tax is unwarranted; that the only duty imposed by law upon said city is to remain a member of said system, which duty the city has discharged and will continue to discharge.

In an "Opinion of the Legislative Counsel #2746" of April 11, 1958, it is stated that under section 1200 of the Charter of the City of Santa Monica, the "city council may, but is not required, to take the action necessary to make the benefits of Section 21264 applicable." The opinion points out that an amendment to the contract must be "made in the manner prescribed for approval of contracts, except that an election among the employees is not required" (§ 21264), namely, by requesting from the Board of Administration a quotation of the approximate contribution of the city which would be necessary (§ 20541), the adoption of a resolution of intention if the city council desires to elect to make section 21264 applicable (§ 20457), and the adoption of an ordinance within 20 days thereafter by a two-thirds vote. However, an alternative is provided by section 20460: "Approval of the contract shall be by ordinance adopted by the affirmative vote of two-thirds of the members of the governing body, not less than 20 days after the adoption of the resolution of intention, or by ordinance adopted by a majority vote of the electorate of the public agency voting thereon." It seems obvious that a court cannot compel two-thirds of the city council to adopt an ordinance, for the function is legislative. (See *Muchenberger* v. *City of Santa Monica,* 206 Cal. 635, 646-647 [275 P. 803].)

■ Appellants assert that the city is "authorized to procure the necessary funds therefor"—apparently referring to section 606 of the city charter which provides for the levy and collection of a property tax, limited to $1.00 per hundred dollars, which includes in subdivision (b): "A tax sufficient to meet all obligations of the City to the State Employes Retirement System . . . due and unpaid or to become due during the ensuing fiscal year."

A similar question involving section 21264 was raised in *Firemen's Benevolent Assn.* v. *City Council*, 168 Cal.App.2d 765 [336 P.2d 273] (hearing denied by Supreme Court, May 13, 1959). The charter of the City of Santa Ana authorized the city and its council and officers to do any act necessary to enable the city to continue as a contracting participant in the State Retirement System and contained this paragraph which petitioners therein contended was a mandatory directive: "The City Council is directed to comply with all the provisions of the State Employees' Retirement Law, as now enacted, or as it may hereafter be amended, including the levy of all necessary taxes." ■ The court reviews various sections of the act showing that certain benefits are optional, others are alternative in form, and concludes (p. 898): "The terms 'elect' and 'election' mean to make a choice between two alternatives. Ordinarily, when a statute uses that terminology it means that the retirement plan or the particular provision which is spoken of may or may not be adopted within the sound judgment and discretion of the governing board required to exercise an election. (*Independent School Dist.* v. *Iowa Employment Security Com.*, 237 Iowa 1301 [25 N.W.2d 491, 495].) ■ We see no reason to make any exception to the general rule. There is nothing ambiguous in the paragraph quoted from said sections 21264 and 21337. In our opinion, the intent of the Legislature in appending to sections 21264 and 21337 of the Government Code the clause hereinabove quoted was to give to the governing board the choice or option of adopting the benefits of said sections or not adopting them. When the city council has exercised its discretion in that respect it is our opinion that it has complied with the provisions of said section 1400 above quoted."

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.