[Civ. No. 31450. Second Dist., Div. Three. May 28, 1968.]

JOSEPH A. O'BRIEN et al., Plaintiffs and Appellants, v. CITY OF GLENDALE et al., Defendants and Respondents.

548

Kenneth Sperry and Melvin King for Plaintiffs and Appellants.

Joseph W. Rainville, City Attorney, Eric Lauterer, Assistant City Attorney, Thomas C. Lynch, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Defendants and Respondents.

SHINN, J.*—The City of Glendale is party to a contract with the State Employees' Retirement System under which retirement, death and disability benefits are provided for the employees of the city. The contract was executed pursuant to Article XXV of the city charter which was adopted as an amendment in 1945. The article, in material part, reads as follows: ''The City shall participate in the State Employees' Retirement System, and it shall be the duty of The Council to enter into a contract with the Board of Administration thereof providing for retirement, death and disability benefits for persons in the employ of the City, to the full extent authorized by the State Employees' Retirement Act, as now and hereafter amended, except that credit for prior service, within the meaning of said Act, shall be limited to fifty percentum.''

In 1947 Article XXV and the contract were amended to increase credit for prior service from 50 percent to 100 percent.

In 1955 Article XXV was further amended as follows: ''SECTION 1. The participation of the City in the State Employees' Retirement System shall continue and shall include all specific benefits and provisions approved by the voters or The Council before July 15, 1954. All other existing or future amendments to the State Employees' Retirement Law shall also apply to the City's participation except that each amendment which by its terms requires amendment of the contract between the City and the System and which in the fiscal

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

year following its effective date would increase the cost to the City by an amount equal to or exceeding one cent (1¢) on each one hundred dollars ($100) of valuation of property within the City, as assessed on said effective date, may be authorized only by a majority vote of the electors of the City voting on the question. A tax sufficient for the City's participation shall be levied, in addition to taxes authorized elsewhere in this Charter."

In 1953 section 21264 was added to the Government Code. It provided benefits for the surviving wives and children of deceased local safety members (policemen and firemen), and it further provided: "This section shall not apply to any contracting agency nor to the employees of any contracting agency unless and until the agency elects to be subject to the provisions of this section by amendment to its contract made in the manner prescribed for approval of contracts, except that an election among the employees is not required, or, in the case of contracts made after the date this section takes effect, by express provision in such contract making the contracting agency subject to the provisions of this section."

The plaintiffs are either active or retired members or widows of deceased members and are persons who would qualify to receive the benefits provided by section 21264, if that section of the Government Code had been adopted by the city as a part of its pension plan.

The city has refused to include in its pension plan the benefits provided by section 21264 for widows and children. Demands of plaintiffs upon the city and the Board of Administration of the State Employees' Retirement System for payment of such benefits were refused, the present action for declaratory relief and a writ of mandate was filed; the defendants answered, the cause was tried, findings and judgment were in favor of the defendants; plaintiffs prosecute the present appeal.

The plaintiffs contend that Article XXV imposes upon the city a mandatory duty to provide by contract with the Board of Administration of the State Employees' Retirement System the benefits for members, widows and children authorized by section 21264. They base their claims upon their interpretation of the wording of Article XXV and they say that the duty "to enter into a contract with the Board of Administration thereof providing for retirement, death and disability benefits for persons in the employ of the City, to the full extent authorized by the State Employees' Retirement

Act'' automatically adopts or requires the city to adopt, as a part of its pension plan, an obligation to grant to members, widows and children the benefits authorized by section 21264. The defendants contend that while the city is authorized to contract to pay such benefits it is only upon the condition and in the event that the city elects to assume the obligation, and that it has refused to do so. The trial court held that the pension benefits authorized by section 21264 were not automatically incorporated into the city's system and that the city had no duty to incorporate them. We cannot disagree with these conclusions.

The same problem which the enactment of section 21264 created for the City of Glendale was the subject of controversy between city employees and the Cities of Santa Ana and Santa Monica. This was litigated in *Firemen's Benevolent Assn.* v. *City Council,* 168 Cal.App.2d 765 [336 P.2d 273] and *Sullivan* v. *City of Santa Monica,* 173 Cal.App.2d 74 [342 P.2d 414]. In those cases the claims of members, widows and children for benefits created by section 21264 were the same as those made by the plaintiffs in the present case and in each case the claims were rejected. In our case the trial court deemed itself bound by the prior decisions and ruled accordingly. We believe it ruled correctly.

In *Firemen's* the court discussed the relevant provisions of the Charter of Santa Ana as follows: ''Section 1400 of article XIV of the charter adopted by City authorizes City and its council and officers to do any act necessary to enable City to continue as a contracting participant in the State Retirement System,'' and '' 'The City Council is directed to comply with all the provisions of the State Employees' Retirement Law, as now enacted, or as it may hereafter be amended, including the levy of all necessary taxes.'' ' (pp. 766-767.)

The Charter of Santa Monica considered in *Sullivan* provided: ''Section 1200 of the city charter provides: 'The ''State Employees' Retirement Act,'' as it now exists or may hereafter be amended, is hereby adopted for the City of Santa Monica, and plenary authority and power are hereby vested in said City, its City Council and its several officers, agents and employees to do and perform any act, or exercise any authority granted, permitted, or required under the provisions of said Retirement Act, to enable said City to become or continue as a contracting City participating in the State Employees' Retirement System; provided, however, that the City Council may terminate any contract entered into with

the Board of Administration of the State Employees' Retirement System only under authority granted by ordinance adopted by a majority vote of the electors of the City of Santa Monica, voting on such proposition at an election at which such proposal is presented.' '' (p. 75.)

In each case it was held that the pension obligations created by section 21264 were not automatically imposed upon the respective cities, that adoption of the same by the cities was optional and that the refusal of the cities to incorporate them as a part of their pension systems was consistent with the respective charter provisions.

In the opinion in *Firemen's* the court said at page 768: "A close examination of the State Employees' Retirement Law, which covers sections 20000 to 21500, Government Code, reveals that it contains a large number of optional provisions," and a number of these are listed in the opinion. These are alluded to in the opinion in *Sullivan*. In the brief of the respondents in the present case it is said: "Many sections in the Act contain language similar to the language used in section 21264 in providing that the benefits of such sections shall not apply to the employees of the contracting agency unless and until the contracting agency so elects and amends its contract. A few of such sections are Government Code sections 21251.3, 21252.4, 21252.6, 21253, 21365.5 and 21367.5," and further "Other sections in the State Employees' Retirement Law are not only optional in themselves but are also materially exclusive from other optional sections," and the argument is expanded by reference to specific sections.

The opinion in *Sullivan*, at page 76, referred to an opinion of the Legislative Counsel which stated that under the city charter the "city council may, but is not required, to take the action necessary to make the benefits of Section 21264 applicable,' '' and which also pointed out that action by the city council would have to be by two-thirds vote. The court said: "It seems obvious that a court cannot compel two-thirds of the city council to adopt an ordinance, for the question is legislative. (See *Muchenberger* v. *City of Santa Monica*, 206 Cal. 635, 646-647 [275 P. 803].) ''

The determinative holdings in the *Firemen's* and *Sullivan* cases were that the purpose of the pension provisions of the respective charters was to take full advantage of the State Employees' Retirement Act in order to give the cities an adequate pension system, and that it was not the purpose to forego the right of the city authorities to exercise independent

judgment when the city is given a choice between adopting or rejecting additional pension obligations authorized by the Act.[1]

The trial court found that it was never intended that Article XXV, as amended, should require the city to amend its contract so as to include in its pension plan the benefits provided or permitted by section 21264 or other benefits which were optional "or to submit such question to a vote of the electorate of the defendant city regardless of the cost thereof unless and until the defendant City Council, in the exercise of its own discretion, first determined that it would be advisable to make such benefits available to the employees of the defendant city."

Plaintiffs say "it is plaintiffs' contention that the primary purpose of the 1955 amendment to Article XXV of the Glendale City Charter was to vest in the electorate of the City of Glendale the discretion of whether or not to adopt the existing or future amendments to the State Retirement Act which would have the effect of increasing the city's costs for its pension program by an amount specified in the amended provision."

Plaintiffs offered in evidence Exhibits 1 to 12 inclusive; they were received subject to a motion to strike and were stricken on motion of the defendants. Plaintiffs contend that the exhibits would show an intention in the adoption of the 1955 amendment to require the submission to vote of the electorate all proposed amendments of the city's pension system and that the question of the adoption of the provisions of section 21264 should have been so submitted. The exhibits are minutes of discussions in meetings of the council from 1951 to 1954 which led to the adoption of the 1955 amendment. The exhibits were properly stricken. They would have been of no assistance to the court in construing the amendment. The reason for its adoption is found in its provisions; there was

---

[1]Plaintiffs say they agree with the decisions in the *Firemen's* and *Sullivan* cases but that the provisions of the Glendale Charter differ in material respects from those of the Santa Ana and Santa Monica Charters and that the reasoning of the courts in the former cases is not here applicable. Although the provisions of Article XXV of the Glendale Charter differ in phraseology from similar provisions of the Santa Ana and Santa Monica Charters we do not see there is any difference in meaning or purpose.

The purpose of the charter provisions was merely to adopt the state system as an appropriate system for the cities. As we interpret Article XXV it means that the city should participate in the state system to the greatest extent authorized and not as obligating the city to pay the greatest benefits permissible under the act.

agreement of the council that only the electorate would have authority to add to the pension obligations of the city the payment of benefits that would equal or exceed one cent on each one hundred dollars of valuation of property within the city. The proceedings which resulted in the adoption of the amendment, or the amendment, itself, furnish no support for the contention that all proposed increase in pension costs were intended to be submitted to the electorate.

The 1955 amendment renders ineffective any attempted increase in pension costs equal to or in excess of one cent per one hundred dollars of assessed valuation unless it has been approved by the electorate. We are not told and the record does not inform us of the cost of providing the additional benefits, but since the city has no duty to provide them there was no duty to submit the question to the electorate.

While the amendment provides that future amendments of the act should apply to the city's participation, that requirement has been met by the refusal, permitted by section 21264, to assume the additional obligations.

The facts of the case do not require consideration of the contention of plaintiffs that the provision of the 1955 amendment that certain benefits can only be authorized by vote of the electorate is an infringement of their vested pension rights.

The judgment is affirmed.

Cobey, Acting P. J., and Moss, J., concurred.

A petition for a rehearing was denied June 18, 1968, and appellants' petition for a hearing by the Supreme Court was denied July 24, 1968.