[Civ. No. 24623. Third Dist. June 24, 1986.]

Guardianship of DEBBIE V. et al., Minors.
DEPARTMENT OF SOCIAL SERVICES, Petitioner and Respondent, v.
PATRICIA C., Objector and Appellant.

COUNSEL

Gerald E. Singer, under appointment by the Court of Appeal, for Objector and Appellant.

John S. Kenny, County Counsel, and Karen Keating Jahr, Deputy County Counsel, for Petitioner and Respondent.

OPINION

**BLEASE, J.**—In this case we decide that mailed service of a notice of a hearing on a petition for the appointment of a guardian, pursuant to Probate

Code section 1511, subdivision (b), must conform with the requirements of Code of Civil Procedure section 415.30.

## FACTS

Appellant's four children were declared dependent children pursuant to Welfare and Institutions Code section 300, subdivision (a). On October 29, 1984, the court directed the county counsel to prepare guardianship petitions for the two older children. The matter was set to be heard on November 26, 1984. The court ordered that notice of the hearing be "mailed at least 15 days before hearing, in the manner prescribed by section 1200.5 of the Probate Code . . . ."[1] Notices were mailed to the childrens' parents, appellant and Richard V., and their maternal grandmother and uncle, on November 9, 1984. No written acknowledgments of receipt of the notices of the hearing were filed. Appellant did not appear at the November 26, 1984, hearing. The petition for appointment of a guardian for the two children was granted. On appeal, appellant contends that notice of the hearing was defective.

## DISCUSSION

■ Division 4 (see §§ 1400-3803) of the Probate Code governs guardianship, conservatorship and other protective proceedings. Probate Code section 1511[2] requires that at least 15 days notice of a hearing on a petition

---

[1]The order mandating 15 days notice is a modification of section 1200.5 of the Probate Code. That section, which requires *10* days notice of a hearing, provides in pertinent part: "(b) At least 10 days before the time set for the hearing of the petition or account, the petitioner or person filing the account shall cause notice of the time and place of hearing to be mailed to the executor or administrator, when he or she is not the petitioner, to any coexecutor or coadministrator not petitioning, and to all persons (or to their attorneys, if they have appeared by attorney), who have requested notice or who have given notice of appearance in the estate in person or by attorney, as heir, devisee, legatee or creditor, or as otherwise interested, addressed to them at their respective post office addresses given in their request for special notice, if any, otherwise at their respective offices or places of residence, if known, and if not, at the county seat of the county where the proceedings are pending, or to be personally served upon such person."

Probate Code section 1511, the provision at issue here, specifically requires that 15 days notice be given.

[2]Probate Code section 1511 provides in pertinent part: "(a) Except as provided in subdivisions (f) and (g), at least 15 days before the hearing on the petition for the appointment of a guardian, notice of the time and place of the hearing shall be given as provided in subdivisions (b), (c), (d), and (e) of this section. The notice shall be accompanied by a copy of the petition.

"(b) Notice shall be served in the manner provided in Section 415.10 or 415.30 of the Code of Civil Procedure, or in such manner as may be authorized by the court, on all of

for appointment of a guardian shall be given. The notice must be accompanied by a copy of the petition. Notice served on the parents of the proposed ward or the person having legal custody shall be "in the manner provided in Section 415.10 or 415.30 of the Code of Civil Procedure, or in such manner as may be authorized by the court . . . ." (Prob. Code, § 1511, subd. (b).)[3] In this case, the court ordered service by mail pursuant to Probate Code section 1200.5. The question we address is whether notice of the hearing served on the parents by mail in accordance with the provisions of Probate Code section 1200.5 was sufficient because the statute allows service in "such manner as authorized by the court."

The two acceptable methods of service, specifically authorized by the Legislature, are personal service pursuant to Code of Civil Procedure section 415.10[4] and service by mail pursuant to Code of Civil Procedure section 415.30.[5] If personal service is elected, service of the notice is deemed

---

the following (other than the petitioner or persons joining in the petition):

"(1) The proposed ward if 14 years of age or older.

"(2) The person having legal custody of the proposed ward.

"(3) The parents of the proposed ward.

"(4) Any person nominated as a guardian for the proposed ward under Section 1500 or 1501.

"(c) Notice shall be given by mail sent to their addresses stated in the petition, or in such manner as may be authorized by the court, to all of the following (other than the petitioner or persons joining in the petition):

"(1) The spouse named in the petition.

"(2) The relatives named in the petition, except that if the petition is for the appointment of a guardian of the estate only the court may dispense with the giving of such notice to any one or more or all of such relatives.

"(3) The person having the care of the proposed ward if other than the person having legal custody of the proposed ward.

" . . . . . . . . . . . . . . . . . . . . . .

"(h) Before the appointment of a guardian is made, proof shall be made to the court that each person entitled to notice under this section either:

"(1) Has been given notice as required by this section; or

"(2) Has not been given notice as required by this section because such person cannot with reasonable diligence be given the notice or because the giving of notice to such person would be contrary to the interest of justice."

[3]Section 1511, subdivision (c) provides that notice to other relatives "shall be given by mail sent to their addresses stated in the petition . . . ." There is no requirement that the provisions of Code of Civil Procedure section 415.30 be followed for such mailings.

[4]Code of Civil Procedure section 415.10 provides: "A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.

"The date upon which personal delivery is made shall be entered on or affixed to the face of the copy of the summons at the time of its delivery. However, service of a summons without such date shall be valid and effective."

[5]Code of Civil Procedure section 415.30 provides: "(a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return

complete at the time a copy of the notice and the petition is personally delivered to the person to be served. (Code Civ. Proc., § 415.10.) If service by mail pursuant to Code of Civil Procedure section 415.30 is elected as the method of service, the notice of hearing and petition shall be mailed by first-class mail or airmail, postage prepaid, to the sender *along with an acknowledgment of receipt* and return envelope. (Code Civ. Proc., § 415.30.) Probate Code section 1467 provides that "[i]f service is made by mail pursuant to this division in the manner authorized by Section 415.30 of the Code of Civil Procedure, the service is complete on the date a written

---

envelope, postage prepaid, addressed to the sender.

"(b) The notice specified in subdivision (a) shall be in substantially the following form:

"(Title of court and cause, with action number, to be inserted by the sender prior to mailing.)

NOTICE

"To: (Here state the name of the person to be served.)

"This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

_____
Signature of sender

ACKNOWLEDGMENT OF RECEIPT OF SUMMONS

"This acknowledges receipt on (insert date) of a copy of the summons and of the complaint at (insert address).

Date:

_____
(Date this acknowledgment is executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person.

"(c) Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender.

"(d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgment form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.

"(e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section."

acknowledgment of receipt is executed."[6] Under either of these methods, actual receipt of the notice is assured, i.e., the subject of the notice will either be personally served or will acknowledge receipt of a mailed notice.

The court authorized the notices in this case to be served in accordance with Probate Code section 1200.5. That section is located in the part of the Probate Code dealing with the administration of decedents' estates. (See Div. 3, Prob. Code, § 300 et seq.) It governs the manner of giving notice of certain petitions, such as a petition to set apart a homestead or exempt property (Prob. Code, § 1200.5, subd. (a)(2)), a petition for the sale of stocks or bonds (Prob. Code, § 1200.5, subd. (a)(5)), or a petition for final distribution (Prob. Code, § 1200.5, subd. (a)(12)). Probate Code section 1200.5 provides that at least 10 days before the hearing notice shall either be mailed to the interested persons or be personally served. (Prob. Code, § 1200.5, subd. (b).) When service is by mail, there is no requirement that an acknowledgment of receipt be executed.

We find that the phrase "or in such manner as may be authorized by the court" cannot be construed to allow for service by mail that is not in compliance with the provisions of Code of Civil Procedure section 415.30. "It is a cardinal rule of statutory construction that in attempting to ascertain the legislative intention effect should be given, whenever possible, to the statute as a whole and to every word and clause thereof, leaving no part or provision useless or deprived of meaning." (*Weber* v. *County of Santa Barbara* (1940) 15 Cal.2d 82, 86 [98 P.2d 492]; see also 2A Sutherland, Statutory Construction (4th ed. 1984) § 4606, p. 104.) To conclude that service by mail that does not comply with Code of Civil Procedure section 415.30 may be authorized would render the provision that notice shall be "served in the manner provided in Section . . . 415.30 of the Code of Civil Procedure" meaningless. The Legislature was careful to include in that section a requirement that, if service by mail is elected as the method of giving notice to the minor's parents, acknowledgment of receipt of the notice must be executed before service is deemed complete. The Legislature distinguished between parents and other relatives; notice to the latter need not be in conformance with Code of Civil Procedure section 415.30.[7] If the Legislature had not intended that mailed notice to parents have additional

---

[6]Probate Code section 1467 appears to modify a provision of Code of Civil Procedure section 415.30. Section 415.30 provides that service "is deemed complete on the date a written acknowledgment of receipt of summons is executed, *if such acknowledgment thereafter is returned to the sender.*" (Italics added.) Probate Code section 1467 does not require that the acknowledgment be returned to the sender. It appears then that service may be complete if the acknowledgment of receipt is returned to someone other than the sender.

[7]Here, the court made no distinction between the method of notice to the parents and the method of notice to a maternal grandmother and uncle. All were ordered to be given 15 days notice in the manner prescribed by Probate Code section 1200.5.

guarantees of receipt of notice, there would have been no need to make such a distinction. The phrase "such manner as authorized by the court" cannot be construed to nullify the specified methods of service. Thus, it can only be interpreted to provide for a court-authorized method of service that is different from (other than) those specifically listed in the statute if service by one of the two named methods is not possible. For example, the address of a long absent parent may be unobtainable. In such a situation, the court, upon proof that diligent efforts have failed to achieve the completion of personal service (Code Civ. Proc., § 415.10) or service by mail in accordance with Code of Civil Procedure section 415.30, may authorize an alternative method of service.[8]

We find further statutory support for our conclusion that Probate Code section 1511 does not authorize service by mail in a manner that does not comply with Code of Civil Procedure section 415.30. Probate Code section 1465 provides that "[u]nless otherwise expressly provided," notice by mail is complete when the notice is deposited in the mail. If the Legislature had not considered significant the requirement that an acknowledgment of receipt be executed when a parent receives notice by mail of impending guardianship proceedings, it would not have specifically required that the provisions of Code of Civil Procedure section 415.30 be followed. A provision that service could be made by mail would have been sufficient to invoke the mailing requirements of Probate Code section 1465. However, the Legislature chose to require the acknowledgment of receipt before service was completed. Furthermore, Probate Code section 1200.5, the section under which the court authorized service in this case, specifically states that the section "shall not apply to proceedings under Division 4 (commencing with Section 1400) [guardianship and conservatorship provisions]." Thus, the Legislature has expressly stated its intent that the method of service authorized by the court in this case not be used.

■ Because no acknowledgment of receipt of notice was executed, as required by Code of Civil Procedure section 415.30, the mailed service was not completed. No attempt to personally serve the notice was made. Notice to the parents, or proof showing why it could not be given, was necessary to give the court jurisdiction of the proceeding and power to make the order appointing a guardian for appellant's children.[9] (*In re Dahnke* (1923) 64 Cal.App. 555, 559-560 [222 P. 381]; *Adoption of McDonnell* (1947) 77 Cal.App.2d 805, 813-814 [176 P.2d 778]; see also *Guardianship of Pankey*

---

[8]Probate Code section 1511, subdivision (h)(2) specifically provides that if notice as required by that section has not been given, proof shall be made to the court that the person "cannot with reasonable diligence be given the notice."

[9]We note additionally that service of notice was deficient also in that a copy of the petition was not included in the notice of the hearing as required by Probate Code section 1511.

(1974) 38 Cal.App.3d 919, 936-937 [113 Cal.Rptr. 858].) Because service of the notice was never completed, and no explanation was made as to the impossibility of giving notice as prescribed by the statute, the court had no jurisdiction to issue the order appointing a guardian. Consequently, the order is void.[10]

We reverse the judgment (order appointing guardian).

Puglia, P. J., and Sparks, J., concurred.

---

[10]Because we have determined the order of guardianship is void, we need not reach the other issues raised by appellant.